Argued February 5, affirmed April 17, 1963

## WOMACK *v.* KREMEN

380 P. 2d 815

*Charles D. Burt,* Salem, argued the cause and filed a brief for appellant.

*Hattie Bratzel Kremen,* District Attorney for Marion County, argued the cause for respondents. On

the brief was Norman F. Webb, Deputy District Attorney for Marion County.

Before McAllister, Chief Justice, and Perry, O'Connell, Goodwin and Lusk, Justices.

PERRY, J.

The plaintiff brought this suit to obtain post-conviction relief. The circuit court denied relief, and petitioner appeals.

The petitioner is now confined in the penitentiary in California as an habitual criminal.

On April 28, 1937, petitioner entered a plea of guilty to the crime of burglary in the circuit court of Marion County, Oregon. For relief from this conviction the petitioner alleges: (1) His plea of guilty was the result of promises and threats made by the district attorney; (2) the sentence was illegal because he was sentenced to a lesser term than the minimum prescribed by statute; (3) he was refused legal counsel when he waived indictment by a grand jury and entered his plea of guilty; (4) the information to which he entered his plea of guilty did not state facts sufficient to constitute the crime charged.

The petitioner on appeal contends only that the trial court erred in its holding (4), that the information did state facts sufficient to constitute the crime of burglary, and (3), that petitioner was not refused legal counsel when he waived indictment and entered his plea of guilty.

■ The issue raised by the petitioner as to the sufficiency of the information to state facts sufficient to constitute the crime is not reviewable in these pro-

ceedings. *State v. Cloran*, 233 Or 400, 377 P2d 911, 378 P2d 961. But even if we give consideration to this issue presented by the petitioner, it has no merit.

The charging part of the information to which he pleaded guilty is as follows:

"* * * in the said County of Marion and State of Oregon then and there being did then and there unlawfully, feloniously and burglariously break and enter a certain building, to-wit: a store building, the same then and there being a building in which there was at the time property kept, to-wit: money and a general stock of merchandise consisting of groceries and the like, the same then and there being the personal property of Loyal Henderson and Fred Peterson with intent then and there and thereby the said property so kept in said store building as aforesaid unlawfully and feloniously to take, steal and carry away."

The statute under which the information was filed reads as follows:

"If any person shall break and enter any building within the curtilage of any dwelling house, but not forming a part thereof, or shall break and enter any building or part thereof, booth, tent, railroad car, vessel, boat, or other structure or erection in which any property is kept, with intent to steal therein, or to commit any felony therein, such person shall be deemed guilty of burglary, and upon conviction thereof shall be punished by imprisonment in the penitentiary not less than two nor more than five years." Vol 1 Oregon Code Annotated (1930) § 14-311, page 1270.

The necessary elements to be alleged and proven are (1) the breaking and entering of a building in which (2) property was kept, with (3) an intent to steal property therein or to commit some felony therein. *State v. Luckey*, 150 Or 566, 46 P2d 1042. A

first reading of the information clearly discloses each of the necessary allegations. The petitioner's contention in this regard is without a semblance of merit.

As to petitioner's contention that he was denied legal counsel at the time he waived indictment by the grand jury and entered his plea of guilty, the record discloses petitioner demanded a preliminary hearing in justice court at which he was represented by legal counsel. The journal entry of judgment in the circuit court for Marion County contains the following recital of fact:

"* * * having heretofore waived their right to have an attorney after being fully advised in that regard, and on their own motion having heretofore waived indictment by a grand jury, now waive further time to plead to the information charging them with the crime of burglary * * * and request the court here and now to accept their pleas of guilty * * *."

The trial court held that the evidence of the petitioner falls far short of overcoming the presumption of the truth of the facts as recited and set forth in the journal entry. With this conclusion we agree.

The judgment of the trial court is affirmed.