Argued September 25, affirmed November 2, petition for
rehearing denied December 22, 1970, petition for
review denied February 17, 1971

NOBLE DAVID JELLUM, JR., *Appellant, v.*
CUPP, *Respondent.*

476 P2d 205

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

LANGTRY, J.

This appeal is from dismissal of a post-conviction relief petition. ORS 138.510 to 138.680. The defendant's demurrer to the petition was sustained, petitioner refused to plead further, and the dismissal followed.

Petitioner was originally indicted under ORS 167.040 (1): "Any person who commits * * * any act * * * of sexual perversity, either with mankind or beast * * *," is guilty of a felony. The indictment charged petitioner with "* * * an act of sexual perversity by seizing, grasping and urinating upon * * *" a named woman. Defendant pleaded guilty to the indictment and was sentenced. His demanded post-conviction relief is based upon his allegation that the indictment does not state a crime and that the statute (ORS 167.040 (1)) is vague, both in violation of equal protection and due process constitutional requirements.

■ The petitioner having understandingly entered a guilty plea and having been represented by counsel whose competency he does not challenge, cannot now collaterally seek to avoid his admission of the material

facts alleged in the indictment. *Richardson v. Williard,* 241 Or 376, 378, 406 P2d 156 (1965); *Lay v. Cupp,* 1 Or App 296, 462 P2d 443 (1969).

■ The fact that the acts, or part of them, alleged against petitioner were possibly punishable as a misdemeanor under some other statutory proscription does not prevent prosecution for the same acts as a felony under ORS 167.040. *State v. Dumont,* 3 Or App 189, 471 P2d 847 (1970).

The part of ORS 167.040 quoted above was challenged for the same reasons it is here in *State v. Anthony,* 179 Or 282, 305, 169 P2d 587, *cert denied,* 330 US 826, 67 S Ct 865, 91 L Ed 1276 (1946). The court said:

> "* * * By this statute the legislature has ventured into the dim and uncertain mazes of abnormal psychology. If the act were to be left unlimited and undefined by construction * * * we think it would * * * be void for uncertainty * * *. But we hold that the statute may be so limited by construction as to render it valid as here applied."

The court then held that an act prohibited by this part of the act must "be limited to cases directly involving the sex organ" and "to unnatural conduct contrary to the course of nature." The court further required that the act "* * * must * * * have been performed for the purpose of accomplishing abnormal sexual satisfaction on the part of the actor." 179 Or at 307. The defendant, in effect, urges that use of these rules of construction was made inapplicable by the decision in *State v. Hodges,* 254 Or 21, 457 P2d 491 (1969). In effect, he says that if the part of the statute held unconstitutional in *Hodges* (contributing to the delinquency of a minor, ORS 167.210) cannot stand

under the rules of construction formerly applied, then the part of ORS 167.040 under attack here also cannot continue to stand under the rules of construction formerly applied to it.

■ The defendant pled guilty long after *State v. Anthony,* supra, was decided, and its rules of construction formulated. We think those rules of construction may reasonably be applied to a situation where a man grasps, seizes and urinates upon a woman. Depending upon the detailed facts evidence might show, the application of the rules might well result in a mature person of ordinary understanding inferring that the acts, taken together, were for the purpose of the actor accomplishing abnormal sexual satisfaction. Having pled guilty to the alleged acts as acts of "sexual perversity" under these rules of construction, we conclude that the defendant admitted violation of ORS 167.040 (1) under a construction of that statute which is not unconstitutionally vague.

■ The construction of the statute and the manner of its application in *Anthony* is binding as precedent in this case.

Affirmed.

SCHWAB, C. J., specially concurring.

I concur in both the reasoning and result of the majority opinion but point out that we need not have reached the question of the sufficiency of the indictment. *Womack v. Kremen,* 234 Or 170, 380 P2d 815, cert den 375 US 857, 84 S Ct 121, 11 L Ed 2d 84 (1963), tells us that the failure of the indictment to state a crime is not a ground for post-conviction relief. See also, *Lilly v. Gladden,* 220 Or 84, 348 P2d 1 (1959).