Argued June 5, affirmed June 21, petition for rehearing
denied July 18, 1961

## BLOOR *v.* GLADDEN

363 P. 2d 57

*James W. Walton,* Corvallis, argued the cause for
appellant. With him on the briefs were Ringo and
Walton, Corvallis.

*Harold W. Adams,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and LUSK, Justices.

SLOAN, J.

A post-conviction proceeding. Plaintiff's petition asserted that he was confined in the penitentiary in violation of constitutional rights. The trial court found that plaintiff had failed to prove all of the allegations of his petition but allowed it in part. Plaintiff appeals from the failure of the trial court to award the full relief prayed for.

On December 17, 1958, plaintiff was indicted by a grand jury of Benton county. He was charged with the rape of his 13-year-old daughter. On December 22, 1958, plaintiff was brought before the circuit court of that county and entered a plea of guilty. He did not have an attorney nor was one appointed for him. After he entered the plea of guilty the court ordered that he be sent to the state hospital for examination as provided by ORS 137.112, et seq.

Plaintiff was in the state hospital for about thirty days undergoing examination. He was then returned to Benton county and again brought before the court. The court advised plaintiff of a part of the contents of the report to the court by the psychiatrist at the state hospital but plaintiff was not furnished a copy of this report. Plaintiff was sentenced to twenty years. The maximum penalty available was life imprisonment.

In this proceeding plaintiff claims that he was in a state of emotional shock and mental confusion at the time he entered the plea of guilty. He charges that he did not knowingly waive his right to counsel; that his plea of guilty was, therefore, void and the judgment entered thereon should be set aside; that he should be given the opportunity to stand trial. His petition also alleged violation of rights because of the failure to serve him with a copy of the report of the state hospital. The trial court in this case sustained that contention and ordered plaintiff remanded to Benton county for resentence. As before stated, the trial court found that plaintiff had not proven his other allegations.

At the time plaintiff was arraigned in the circuit court for Benton county there was the following exchange between plaintiff and the court:

"THE COURT: It's the duty of the court to inform you that if this is not your true name, it would be your duty to disclose your true name. Otherwise you'll be proceeded against under the name of William D. Bloor.

"It's the duty of the court next to inform you that you are entitled to a lawyer. You want a lawyer to represent you?

"MR. BLOOR: No, sir.

"THE COURT: You understand now you are entitled to a lawyer, if you want one.

"MR. BLOOR: No, sir.

"THE COURT: You don't care for a lawyer?

"MR. BLOOR: No, sir.

"THE COURT: Well, the next step is what we call an arraignment. That is the reading of this charge and furnishing you with a copy. Are you ready to have that done at this time?

"MR. BLOOR: Pardon, sir?

"THE COURT: I say, the next step is what we

call an arraignment. That means the reading of this charge and furnishing you with a copy. You ready to have that at this time?

"MR. BLOOR: Yes.

"THE COURT: You may proceed then with the arraignment."

That was the only advice plaintiff received in open court as to his right to counsel.

■■ If that were the only record before us it would be a more difficult case. We would then be presented with the same problem as that presented to the Washington court in *Wakefield v. Rhay*, 1960, 356 P2d 596. We will discuss that case later in this opinion. However, here other evidence was presented. It must be remembered that this was a post-conviction proceeding at which plaintiff was entitled to present any item of evidence available to him to establish that he did not understandably waive his right to counsel. The Post-Conviction Act was adopted to grant to a person convicted of crime full opportunity for judicial review of alleged violation of constitutional rights. In doing so the burden was on plaintiff to show by a preponderance of the evidence that he did not knowingly waive his right to counsel. *Moore v. Michigan*, 1957, 355 US 155, 161, 78 S Ct 191, 2 L Ed2d 167; *Johnson v. Zerbst*, 1938, 304 US 458, 58 S Ct 1019, 82 L Ed 1461.

It is also important to note that this case is not within the pattern of the long line of decisions by the Supreme Court beginning with *Johnson v. Zerbst*, supra, by which the Supreme Court has reviewed cases in which either a state or federal court has refused some form of post-conviction hearing and has remanded the case for a determination of the truth of a convicted person's allegations of denial of constitu-

604

tional rights. *Rice v. Olson,* 1945, 324 US 786, 65 S Ct 989, 89 L Ed 1367; *Uveges v. Pennsylvania,* 1948, 335 US 437, 69 S Ct 184, 93 L Ed 127; *Massey v. Moore,* 1954, 348 US 105, 75 S Ct 145, 99 L Ed 135; *Herman v. Claudy,* 1955, 350 US 116, 76 S Ct 223, 100 L Ed 126; *Cash v. Culver,* 1959, 358 US 633, 79 S Ct 432, 3 L Ed2d 557; *McNeal v. Culver,* 1960, 365 US 109, 81 S Ct 413, 5 L Ed2d 445. The hearing required by these decisions has been had.

Consequently, what we have here for review is the evidence presented to the trial court in this post-conviction hearing. It is our problem to decide if there is evidence, or want of it, to sustain the trial court's findings. And that problem has been a difficult one. It is a question of fact.

A material problem of decision, both in the trial court and here, has been to decide the truth or falsity of the testimony of plaintiff presented to the trial court in this proceeding. Obviously, the trial court's ability to assess that testimony exceeds our own. In addition to the determination of the truth of plaintiff's testimony it was necessary for the trial court to weigh plaintiff's ability to have understood the nature and seriousness of the original criminal charge made against him.

We will not discuss the evidence in detail but only mention some of the evidence considered by the trial court in this case.

■ There is in the record a recorded interview between plaintiff and the district attorney and sheriff made before he entered the plea of guilty. At that time plaintiff was advised of his right to counsel. We have the evidence that more than thirty days elapsed between the date of the plea and the date of the sentence. He had ample time to reconsider. We have the evi-

dence that plaintiff's father and older sister, whose intelligence was not questioned, were present in court at the time plaintiff was arraigned and that he had talked with them prior thereto. They were also present at the post-conviction hearing but were not called as witnesses. We mention that evidence to show that this was not a case in which plaintiff was deprived of opportunity to consult with others. The failure of plaintiff to call his father or sister, or both, to testify in the post-conviction hearing may have been significant to the trial court. The record reveals that they would have had knowledge of the alleged mental aberrations of plaintiff at the time of his plea. It could reasonably have been inferred that they could have given some corroboration to plaintiff's testimony. The failure to call these available witnesses may have carried weight with the trial judge in his search for the truth. There is also some evidence that plaintiff was not indigent at the time of his plea but that he had property available to use for his defense if he decided to do so.* And we have the benefit of the trial court's carefully considered findings.

The totality of the evidence is sufficient to warrant affirmation of those findings. Nor has the plaintiff met the test of *Betts v. Brady,* 1942, 316 US 455, 62 S Ct 1252, 85 L Ed 1595, which has not yet been overruled, even though the probability thereof is strongly hinted. *McNeal v. Culver,* supra, 5 L Ed2d at 451 and the concurring opinion therein.

Plaintiff urges that we follow the majority opinion in the case of *Wakefield v. Rhay,* supra, 356 P2d 596. That case was before the Washington court on a petition for a writ of *habeas corpus.* The petitioner in the case had entered a plea of guilty to the crime of grand larceny by embezzlement. When he was before

the court for sentence he was asked by the sentencing court if he wanted an attorney in about the same language as that used by the sentencing court in this case. The Washington court held:

"In the instant case there is no showing that the defendant had any prior knowledge of his rights. The record discloses that the court did not ascertain whether, because of defendant's poverty, he was unable to employ counsel, and that he was not informed of his right to counsel at public expense. Thus, it is manifest that the defendant was not in possession of such knowledge as would permit him 'intelligently and competently' to waive his right to counsel. * * *"

In the case now before us, however, there was the evidence of plaintiff's "prior knowledge of his rights." There was also the other evidence of plaintiff's knowledge and understanding of the crime charged against him. The present case is distinguishable from the Washington case. Even though we are not now required to decide if we would follow the majority opinion in that case, we can say that the procedure for arraignment adopted by that court forms an excellent guide to be followed by the trial courts to make certain that constitutional rights are not impinged.

This opinion should not be taken as indicating approval of the procedure followed by the prosecuting attorney and the court at the time the plea of guilty was entered. The time and place to determine any question concerning an accused's request or need for counsel is before the court where a proper record can be made. At this late date there is no reason at all why a judgment entered on a plea of guilty should be jeopardized and made subject to post-conviction proceedings because of the trial court's failure to heed the admonitions of the Supreme Court of the United

States in the cases before cited. The simple expedient of precise inquiry by the trial court before a plea of guilty is accepted will avoid doubt as to the explicit understanding of the accused. Such an inquiry would obviate the cost and burden to other courts imposed by post-conviction proceedings.

In this case plaintiff has received the full benefit of the requirements of the Oregon Constitution and statutes and of the federal Constitution as well. He has failed to establish a lack of due process.

Judgment affirmed.