Argued September 8, affirmed September 29, 1965

# RICHARDSON *v.* WILLIARD

406 P. 2d 156

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Lawrence A. Aschenbrenner, Public Defender, Salem.

*Louis S. Bonney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN, DENECKE, HOLMAN and SCHWAB, Justices.

SLOAN, J.

On December 23, 1963, plaintiff Richardson entered a plea of guilty to a District Attorney's information that charged him with larceny in a store. He also waived grand jury indictment. He was then represented by counsel. He was sentenced to 5 years in the Correctional Institution.

■ Richardson now brings this post conviction proceeding claiming that he failed to appeal the judgment because of ignorance of his right to appeal and to have court appointed counsel to represent him on appeal. The trial court in the instant proceeding sustained a demurrer to the complaint. Plaintiff appeals. The claim is without merit.

■ The only question that this court could have considered on an appeal from the original judgment was whether the punishment was cruel and unusual or not proportioned to the offense. ORS 138.050. *State v. Gidley,* 1962, 231 Or 89, 371 P2d 992. The sentence

given was a proper one and the judgment would have been affirmed without doubt.

■ Plaintiff's appointed counsel wisely chose not to bring so useless an appeal. *Douglas v. California,* 1963, 372 US 353, 83 S Ct 814, 9 L Ed2d 811, cert den 373 US 905, requires that all defendants have an equal right of appeal with counsel. We do not read the case to mean that appointed counsel has the burden of bringing a useless appeal.

Richardson also claims that prior to the time he entered the plea of guilty that he had made a confession to the police. He alleges that at the time of the confession he did not have the advice of counsel nor was he advised of his right to counsel. He now claims that he would not have plead guilty if he had then known that the confession might have been inadmissible because of our later decision in *State v. Neely,* 1965, 239 Or 487, 395 P2d 557, 398 P2d 482. To support this contention he relies largely on *Pennsylvania v. Claudy,* 1956, 350 US 116, 76 S Ct 223, 100 L Ed 126, and a few similar cases decided by other federal courts.

■ The instant case has none of the essential ingredients of the *Claudy* case. There is was charged that a defendant, without counsel, had given a coerced confession and had plead guilty because of duress and ignorance. Here defendant plead guilty with counsel. Whether or not defendant knew the confession was admissible was irrelevant because the plea of guilty with the advice of counsel was a judicial admission of all the material allegations of the indictment in a most indisputable form. *Barnett v. Gladden,* 1964, 237 Or 76, 83, 390 P2d 614, cert den 379 US 947 (1964); *Ex Parte Sherwood,* 177 F Supp 411 (USDC Or 1959), and see *Watts v. United States,* 278 F2d 247 (CADC 1960).

The complaint does not allege any violation of due process nor any other infirmity in the proceedings which would justify further consideration.

Judgment affirmed.