Argued October 27, affirmed December 12, 1969

## LAY, *Appellant, v.* CUPP, *Respondent.*

462 P. 2d .443

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Peter S. Herman,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief

were Robert Y. Thornton, Attorney General, and David H. Blunt, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry, Foley and Branchfield, Judges.

LANGTRY, J.

This appeal presents one question—whether a petition under the Post-Conviction Relief Act (ORS 138.510 through 138.680), which relies upon a claimed lack of petitioner's knowledge of his constitutional rights before plea in a criminal case in which he is represented by counsel, must allege some failure by his counsel of duty to inform him of his rights in order to state a cause for relief.

The petition alleges that petitioner pleaded guilty to burglary not in a dwelling; that prior thereto he "did not know" the maximum penalty therefor; that if he had known it to be 10 years' imprisonment he would have pleaded not guilty, and, therefore, he did not voluntarily and understandingly enter his plea. Attached to and made a part of his petition is the judgment of sentence in the case, which discloses that petitioner was represented by counsel at all stages of the proceeding. The defendant warden demurred to the petition on the ground that no cause for relief was stated. The trial court sustained the demurrer and upon petitioner's refusal to plead further the petition was dismissed.

ORS 138.580 requires the petition to "set forth specifically the grounds upon which relief is claimed," and ORS 138.620 places the burden of proof of such grounds upon petitioner, measured by a preponderance of the evidence.

■ A defendant accused of crime has a constitutional right to be advised before a guilty plea of the basic legal consequences of the plea, including the maximum penalty assessable under the charge. *Von Moltke v. Gillies,* 332 US 708, 68 S Ct 316, 92 L Ed 309 (1948); *Dixon v. Gladden,* 250 Or 580, 444 P2d 11 (1968); and *Huffman v. Alexander,* 197 Or 283, 251 P2d 87, 253 P2d 289 (1953).

> "Implicit * * * is the *duty of counsel* to advise a defendant, *inter alia,* of the consequences of his plea." (Emphasis supplied.) 250 Or at 586.

Whether counsel did or did not perform his duty to advise of the consequences of the plea, regardless of whether it was through ignorance or mistake, is a necessary consideration. Even if it is pleaded and proved that counsel made a mistake, under Oregon's Post-Conviction Relief Act it has been held that the error may not be cause for relief. *North v. Cupp,* 254 Or 451, 461 P2d 271 (decided November 19, 1969), cert denied 397 US 1054 (1970).

■ Inasmuch as it is the duty of counsel to advise his client of the consequences of his plea, it will be presumed he has done so. The burden of proof is upon the petitioner. Therefore, where it affirmatively appears he had counsel he must allege and prove a failure of his counsel which justifies relief. The deficiency of the petition in this regard is not corrected by the general assertion therein that petitioner "did not know" his rights before plea. Such an assertion is not such a specific ground for relief as the statute requires. It leaves open possibilities consistent with his attorney having given him a full explanation of his rights, e.g., that counsel explained everything possible, but the defendant refused to listen. We consider

this decision to be in harmony with the discussions relative to counsel advice in *Henry v. Mississippi*, 379 US 443, 85 S Ct 564, 13 L Ed 2d 408 (1965); *Kuhl v. United States*, 370 F2d 20 (9th Cir 1966); *Haynes v. Gladden*, 245 Or 487, 422 P2d 679 (1967); *Benson v. Gladden*, 242 Or 132, 407 P2d 634 (1965), cert den 384 US 908 (1966); *State v. Abel*, 241 Or 465, 406 P2d 902 (1965); and *Richardson v. Williard*, 241 Or 376, 406 P2d 156 (1965).

The judgment is affirmed.