Argued ·October· 27,·reversed and remanded December 12, 1969

### HERRON, *Appellant, v.* CUPP, *Respondent.*
462 P. 2d 444

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Peter S. Herman,* Assistant Attorney General, Salem, argued the cause for the respondent. On the

brief were Robert Y. Thornton, Attorney General, and Deane S. Bennett, Assistant Attorney General, Salem.

LANGTRY, J.

This is an appeal from an order of dismissal after a demurrer was sustained to a post-conviction petition. The appeal presents this question: When the petitioner alleges facts seeking to show an action or a failure to act by his attorney which results in a lack of understanding by the accused of the possible consequences of his guilty plea, will a demurrer lie to the petition? The answer involves the effect to be given to the presumption that the attorney has performed his duty to advise his client of the consequences of a plea. We have held in *Lay v. Cupp*, 1 Or App 296, 462 P2d 443, decided this day, that a demurrer will lie to such a petition which alleges only that a defendant who is represented by counsel "did not know" the consequences of the plea when he made it. The rationale of that decision is that it is presumed the attorney performed his duty. The allegation that petitioner "did not know" leaves open other possibilities than counsel mistake or failure resulting in accused's lack of knowledge, and some of them cannot be, as a factual matter, a basis for post-conviction relief. Therefore, such a petition must state the cause with more exactness than did the one in *Lay*, if it is to survive a demurrer which challenges its sufficiency to state a cause for relief under the Post-Conviction Relief Act. ORS 138.510 through 138.680.

The petition in the instant case, *inter alia*, alleges:

"V.

"That the criminal act for which petitioner was charged in the foregoing proceeding was that of

murder in the second degree under ORS 163.020; that said charge was in the form of an information filed by the District Attorney of Linn County, Oregon, on May 11, 1965; that defendant waived indictment on May 11, 1965, was arraigned, entered his plea of guilty and was sentenced as above. A copy of the information, waiver and sentence order are attached hereto, marked Exhibit A, and by this reference made a part hereof.

"VI.

"That petitioner did not know at the time he pleaded guilty to said charge what elements comprised the crimes of second degree murder and involuntary manslaughter; what the term provocation meant; that he had a right to confess in open court to homicide pursuant to ORS 163.130, after which the Court would be required to conduct a hearing and make findings on the degree of homicide; that he would have to spend a minimum of seven years in prison without being considered for parole.

"VII.

"That the District Attorney for Linn County and *defense counsel,* subsequent to petitioner's guilty plea, informally stipulated to the truth of the factual circumstances surrounding the death of Rosemary Rebecca Herron as set forth in Exhibit A which conclusively show that petitioner was not guilty of any greater crime than the crime of voluntary manslaughter. (Emphasis supplied.)

"VIII.

"That had petitioner known what elements comprised the crimes of second degree murder and involuntary manslaughter * * * petitioner would have pleaded not guilty to second degree murder or, in the alternative, he might have, upon his own confession in open court, pleaded guilty to homicide pursuant to the provisions of ORS 163.130."

Made a part of the petition were the Information, Waiver and Sentence Order. The latter recites that

petitioner appeared for sentence with his two court-appointed attorneys and "having been fully advised as to his rights in respect thereto," waived indictment, pleaded guilty, and waived time for sentence. He was sentenced to 11 years' imprisonment.

The defendant warden in this proceeding quotes from and relies upon *Richardson v. Williard,* 241 Or 376, 406 P2d 156 (1965):

> "* * * [T]he plea of guilty with the advice of counsel was a judicial admission of all the material allegations of the indictment * * *." 241 Or at 378.

We cited *Richardson* in *Lay,* supra, saying it was in harmony with the rationale of that decision. The language quoted above can be in harmony with a decision which upholds petitioner's contentions here as well, for it stands only for the proposition that a guilty plea with the advice of counsel is a judicial admission of the material allegations of the indictment. Here, petitioner alleges specific facts which show he "did not know" the consequences of his plea. If the petitioner's allegations stopped with a statement that he "did not know" they would be open to demurrer as were those in *Lay.* However, they tie his counsel to the lack of information alleged by saying defense counsel and the district attorney stipulated to facts which show petitioner was guilty of no crime greater than manslaughter. This does not allege petitioner did or did not participate in the stipulation, and in this respect it is weak. However, it does allege that the stipulation was counsel's act.

In *Fay v. Noia,* 372 US 391, 439, 83 S Ct 822, 9 L Ed2d 837 (1963), the United States Supreme Court

said, "A choice made by counsel not participated in by petitioner does not automatically bar relief."

In *Dixon v. Gladden,* 250 Or 580, 444 P2d 11 (1968), the Oregon Supreme Court said:

"A plea of guilty cannot be said to be understandingly made if the defendant does not know the legal consequences of such a plea   *   *   * [citing cases].

"*   *   *   *   *

"Implicit   *   *   * is the duty of counsel to advise   *   *   *." 250 Or at 585, 586.

In *North v. Cupp,* 254 Or 451, 461 P2d 271 (decided November 19, 1969), *cert denied* 397 US 1054 (1970), it was held that counsel mistake may, in some circumstances, not be a cause for relief under Oregon's act. That decision may be applicable to the facts produced in a hearing in this case.

Considering these authorities and the allegations of the petition taken together, as we have, we hold that the petition was sufficient to state a cause upon which a hearing to determine the facts must be conducted under the Post-Conviction Relief Act.

Judgment reversed, and the case is remanded for a hearing on the merits of the petition.