Argued September 17, affirmed December 24, 1969, petition
for rehearing denied January 27, 1970. Petition for
review denied by Supreme Court April 14, 1970

FLETCHER, *Appellant, v.* CUPP, *Respondent.*

463 P. 2d 365

468

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Robert Y. Thornton, Attorney General, and David H. Blunt, Assistant Attorney General, Salem.

FOLEY, J.

This is a post-conviction proceeding. On April 23, 1956, in Linn County, petitioner Lane Fletcher was convicted of grand larceny upon his plea of guilty and sentenced to one year in the Oregon State Penitentiary. On December 9, 1966, in Multnomah County, he was adjudged an habitual criminal because of three former felony convictions and sentenced to 20 years in the Oregon State Penitentiary. The judgment was based in part on the above mentioned 1956 grand larceny conviction. Petitioner brought this post-conviction proceeding to attack the habitual criminal

judgment. He claims a violation of his constitutional rights in the 1956 proceeding, in that: (1) he was denied the right to counsel in that he did not understandingly waive that right; and (2) he was denied due process of law in that he did not voluntarily and understandingly enter his plea of guilty. At the post-conviction hearing the petitioner was the only witness called by either side and the only additional evidence introduced was the transcript of the 1956 Linn County arraignment and sentencing.

■ When defendant appeared before the court in the 1956 Linn County grand larceny case, he told the court he did not have money or means to hire a lawyer. The defendant was asked the following by the court:

"THE COURT: You are charged with grand larceny, the District Attorney informs us, which is a rather serious charge. Do you feel you need a lawyer in this case? How about you, Mr. Fletcher?

"MR. FLETCHER: No sir, I don't sir.

"* * *

"THE COURT: I believe, Mr. Fletcher, you said you don't want the Court to appoint one for you.

"MR. FLETCHER: Could I say a few words, Your Honor?

"THE COURT: The question right now is whether or not you want a lawyer for yourself.

"MR. FLETCHER: No sir.

"THE COURT: You don't want one appointed. Then we will go on through with this case without a lawyer for you if you don't want one.

"MR. FLETCHER: No sir."

In the post-conviction hearing, when the defendant

was being questioned about the above colloquy, the following transpired:

DEFENDANT WARDEN'S ATTORNEY: "Do you remember the judge talking to you—now this is page 1 of this transcript, the court reporter's transcript—He said, 'Does either of you have an attorney?' You answered, 'No, sir.'

MR. FLETCHER: "I didn't have. I was telling the truth.

DEFENDANT WARDEN'S ATTORNEY: "And Jackson said, 'No, sir.' Then the court said, 'Do you have the money or means whereby you might hire a lawyer for yourself?'

MR. FLETCHER: "I could have got a lawyer. "* * *

DEFENDANT WARDEN'S ATTORNEY: "Do you remember him asking you if you had money or the means to hire a lawyer?

MR. FLETCHER: "I did have the money then."

The court was authorized to appoint an attorney for the defendant only if he was without funds and unable to obtain his own counsel. The defendant advised the court in the 1956 proceeding that he did not want an attorney and he testified in the post-conviction hearing that he had the money with which to employ his own attorney in the 1956 proceeding. His decision not to employ one cannot now be claimed by him as a denial of the right to counsel.

The petitioner's other contention is that he did not voluntarily and understandingly enter his plea of guilty.

The transcript of the 1956 proceeding discloses that the circuit judge asked the defendant no questions concerning his plea and gave the defendant no

explanation of the legal consequences. This court said in *Lay v. Cupp,* Or App, 89 Or Adv Sh 793, 1 Or App 296, 298, 462 P2d 443 (1969),

> "A defendant accused of crime has a constitutional right to be advised before a guilty plea of the basic legal consequences of the plea, including the maximum penalty assessable under the charge * * *." Citing *Von Moltke v. Gillies,* 332 US 708, 68 S Ct 316, 92 L Ed 309 (1948), and *Dixon v. Gladden,* 250 Or 580, 444 P2d 11 (1968).

If a defendant has counsel it is counsel's duty to advise him of the consequences of his plea, *Dixon v. Gladden,* supra, but it is not important how an accused learns of the consequences of his guilty plea. The constitutional requirement is that he does in fact know and understand. *Dixon v. Gladden,* supra.

■ Here, the defendant, on November 28, 1955, just five months before his 1956 conviction in Linn County, was convicted of the crime of grand larceny in Clackamas County. He was represented in that proceeding by an attorney. At the post-conviction proceeding the defendant was asked the following about the November 1955, grand larceny conviction in Clackamas County:

> PETITIONER'S ATTORNEY: "During the time of this proceeding did you know the possible consequences of a conviction of grand larceny, of your own knowledge:
>
> MR. FLETCHER: "Yes."

The possible consequences were the same in November 1955, as in April 1956. If the defendant knew the possible consequences of a grand larceny conviction in November 1955, it is difficult to believe he did not know the same consequences in April 1956.

■The burden of proof is upon the petitioner to establish the facts alleged in his petition by a preponderance of the evidence. ORS 138.620(2). *Bloor v. Gladden,* 227 Or 600, 363 P2d 57 (1961). The trial court found the petitioner failed in his proof. There was evidence to support the trial judge's findings.

The judgment dismissing the petition is affirmed.