Argued March 19, affirmed April 9, 1970

NEALY, *Respondent, v.* CUPP, *Appellant.*

467 P2d 649

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on

the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

The petitioner herein was granted post-conviction relief by the Marion County Circuit Court. The defendant has appealed from the granting of that relief, contending that the court erred in vacating the petitioner's 1967 guilty plea on the ground that he was not aware of the possible maximum penalty which could be imposed.

The findings of fact of the post-conviction court show that petitioner was charged by information on July 24, 1967, with violation of ORS 167.040, sodomy, conviction of which carries a maximum penalty of fifteen years' imprisonment. On the same day he waived indictment, was arraigned, and pleaded guilty. The record indicates that he had advice of counsel. Defendant was then ordered to have a psychiatric examination permitted under ORS 137.112. As a result of this examination he received an indeterminate life sentence under ORS 137.111 on September 13, 1967.

At the time petitioner entered his plea, the following discourse occurred:

"THE COURT: Are you aware that this is a charge which carries with it possible maximum imprisonment in the penitentiary for fifteen years? Did you know that this could result in a maximum of fifteen years sentence?

"MR. NEALY: Yes Sir."

There was no evidence, and the trial court so found, indicating that the defendant was at any time by any one informed that the sentence might be any greater than fifteen years.

In *Dixon v. Gladden,* 250 Or 580, 585, 444 P2d 11 (1968), the court said:

"A plea of guilty cannot be said to be understandingly made if the defendant does not know the legal consequences of such a plea. Included among these is the maximum sentence that can be imposed * * * [citing cases]."

■ The general rule has been reiterated by our court in several recent cases: *Lay v. Cupp,* 1 Or App 296, 462 P2d 443 (1969); *Herron v. Cupp,* 1 Or App 300, 462 P2d 444 (1969); *Fletcher v. Cupp,* 1 Or App 467, 463 P2d 365 (1969), Sup Ct *review denied* (1970). Implicit in each statement of the rule is the fact that the information regarding the maximum sentence must be accurate. If the defendant is not fully informed, as here, he cannot be said to understand the true legal consequences of his guilty plea.

■ It is argued that petitioner has failed to show that he has been prejudiced. A defendant is prejudiced when he is told that the maximum penalty possible is fifteen years and he is then sentenced to life imprisonment.

■ It is further contended that vacation of the guilty plea was inappropriate. ORS 138.520 empowers the post-conviction court to grant relief in several ways, including "other relief as may be proper and just." The lower court properly exercised its discretion. We see no adequate reason to override its judgment.

Affirmed.