Douglas ONICK, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 28848

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 6, 1970.

Douglas Onick, pro se.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for defendant-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk to place the case on the Summary Calendar and to notify the parties of this fact in writing. *See* Huth v. Southern Pacific Co., 5 Cir. 1969, 417 F.2d 526; Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804; 5 Cir.R. 18.

Douglas Onick pleaded guilty to charges of possessing and selling heroin and marihuana in violation of 21 U.S.C. § 174 and 26 U.S.C. §§ 4705(a) and 4744(a). He was sentenced on November 16, 1961, to three terms of twenty years and one term of ten years, all to run concurrently.

In this motion to vacate sentence under 28 U.S.C. § 2255, he contends that his guilty pleas were not voluntarily and understandingly made because the trial court failed to inform him that his sentence would not be subject to parole. The district court denied relief on the authority of Trujillo v. United States, 5 Cir. 1967, 377 F.2d 266, cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221.

In *Trujillo*, we held that Fed. R.Crim.P. Rule 11 does not require that the defendant be informed of his ineligibility for parole before a guilty plea can be accepted. We reaffirmed that holding in Sanchez v. United States, 5 Cir. 1969, 417 F.2d 494. Therefore, we affirm the judgment of the district court.