Argued February 18, affirmed March 11, petition for rehearing
denied April 6, petition for review denied April 27, 1971

THOMAS LUTHER JAMES, *Appellant, v.*
CUPP, *Respondent.*

482 P2d 543

*Ken C. Hadley,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*James L. Carney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Petitioner sought post-conviction relief alleging his plea of guilty to illegal possession of narcotics was not voluntary because (1) he was under the influence of narcotics and needed medical attention, and (2) he expected he would be placed in the federal narcotic program. After a hearing, post-conviction relief was denied and petitioner appeals.

The petitioner pleaded guilty in Multnomah County Circuit Court on May 20, 1969, to illegal possession of narcotics and subsequently was sentenced to 10 years' imprisonment. A post-conviction hearing was held on February 11, 1970, to determine the merits of petitioner's challenge to the validity of his guilty plea. At the post-conviction hearing petitioner testified that he was under the influence of narcotics at the time he pleaded guilty and that he had been promised treatment for his drug habit by his attorney if he pleaded guilty. Circuit Judge Patrick E. Dooley, who presided at petitioner's guilty plea proceeding, testified at the post-conviction hearing that petitioner did not look well and appeared shaky, but he could not tell if petitioner was under the influence of drugs. Judge Dooley further testified that he "asked * * * [petitioner] specifically whether or not he had had any narcotics or drugs on that date, and he told me no." Judge Dooley also testified that petitioner ap-

peared to know what was going on and that petitioner denied that he had been promised any preferential treatment. Judge Dooley also stated that he said and did nothing that might lead petitioner to believe he would be referred to the federal narcotics program.

█ █ The burden of proof in a post-conviction hearing is upon the petitioner to establish by a preponderance of the evidence facts justifying the relief sought. ORS 138.620(2); *Fletcher v. Cupp,* 1 Or App 467, 463 P2d 365 (1969), Sup Ct *review denied* (1970); *Bloor v. Gladden,* 227 Or 600, 603, 363 P2d 57 (1961). The credibility of the witnesses, including petitioner, was an issue of fact to be determined by the post-conviction court. *Endsley v. Cupp,* 1 Or App 169, 459 P2d 448 (1969), Sup Ct *review denied* (1970); *Alcorn v. Gladden,* 237 Or 106, 111, 390 P2d 625 (1964).

█ There was ample evidence to support the post-conviction court's findings that petitioner did not sustain his burden of proof.

Affirmed.