Argued November 29, 1971, affirmed January 6, petition for
rehearing denied February 2, petition for review
denied March 8, 1972

WILLIAM EUGENE KENT, No. 70809, *Appellant,*
*v.* CUPP, *Respondent.*

492 P2d 507

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

. *Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

This is a post-conviction case.

The petitioner pleaded guilty to the crime of Taking Away Child with Intent to Detain from Parent, ORS 163.640, in 1955. His court-appointed counsel requested the court to send the petitioner to the Oregon State Hospital for psychiatric examination before imposing sentence. This was done; and after the petitioner was returned from the state hospital, the court imposed the maximum penalty of life imprisonment.

The petition for post-conviction relief alleged in part:

"That petitioner did not know at the time he pleaded guilty to said charge what the maximum penalty was which could have been imposed by the trial judge; that petitioner's court appointed counsel informed him that he and the district attorney had an agreement that should the petitioner plead guilty he would be committed to the State Hospital for treatment; that had petitioner known that the maximum penalty for his conviction of taking away child with intent to detain from parent was life imprisonment, he would have pleaded not guilty and asked for a jury trial on the merits."

At the time of the post-conviction hearing, petitioner abandoned that part of his allegations set forth

above alleging that there had been a deal between his attorney and the district attorney.

The sole question on this appeal, therefore, is whether petitioner was advised of the maximum sentence that could be imposed at the time he entered his plea. The trial court found petitioner's guilty plea to be knowingly and voluntarily entered and dismissed the petition. He appeals.

■ A defendant has a constitutional right to be advised of the basic legal consequences of a guilty plea and one of these consequences is the maximum penalty which can be imposed, *Jones v. Cupp,* 7 Or App 415, 490 P2d 1038 (1971) Sup Ct *review denied* (1972); *Nealy v. Cupp,* 2 Or App 240, 467 P2d 649 (1970), and cases cited therein; *Dixon v. Gladden,* 250 Or 580, 585, 444 P2d 11 (1968).

Petitioner testified that he had been arrested for kidnaping and that he knew he could receive a life sentence for that crime. He thought, however, that Taking Away Child with Intent to Detain from Parent was a lesser crime. The reason that he gave for this belief was his conversation with the other inmates and that the district attorney "felt this was a lesser charge."

■■ The testimony of his attorney was that he did not have a present memory of advising petitioner of the maximum sentence of life imprisonment but that he was certain that he had so advised him. The burden is upon the petitioner to prove the allegations of his petition. ORS 138.620 (2); *Young v. Cupp,* 8 Or App 41, 491 P2d 1201 (1971) Sup Ct *review denied* (1972). We agree with the trial court that the petitioner has failed to prove by a preponderance of the evidence that he was not advised of the maximum sentence.

Affirmed.