On respondent's reconsideration filed January 7,
former opinion withdrawn, judgment of the trial court
affirmed (49 Or App 671, 619 P2d 357) April 13,
reconsideration denied May 21,
petition for review denied June 23, 1981 (291 Or 151)

ROBERT BURCH TURNER,
*Appellant,*

*v.*

CUPP,
*Respondent.*

(No. 114,318, CA 17700)

626 P2d 928

Dave Frohnmayer, Attorney General, John R. McCul-
loch, Jr., Solicitor General, William F. Gary, Deputy

Solicitor General, and Virginia L. Linder, Assistant Attorney General, Salem, for petition.

Before Gillette, Presiding Judge, and Roberts, Judge, and Campbell, Judge Pro Tempore.

GILLETTE, P. J.

## GILLETTE, P. J.

The state petitions for review of our decision in *Turner v. Cupp,* 49 Or App 671, 619 P2d 1357 (1980), contending that we erred in granting defendant post-conviction relief because he was incorrectly advised by his attorney as to his parole release date. We agree.

The facts are sufficiently set out in our prior opinion. Petitioner argues (1) that defendant does not have to be correctly advised of his parole release date in order to enter a valid guilty plea, and (2) that our decision was based on an incorrect assumption that defendant will actually be ineligible for parole for 25 years.

■■ The Oregon and United States Constitutions require that a defendant understand "the basic legal consequences of the plea, including the maximum penalty assessable under the charge * * *." *Jones v. Cupp,* 7 Or App 415, 417, 490 P2d 1038 (1972), *quoting Lay v. Cupp,* 1 Or App 296, 462 P2d 443, 471 (1969); *see* ORS 138.530(1)(a). Defendant must knowingly and voluntarily enter the plea. *Boykin v. Alabama,* 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969). In *Jones v. Cupp, supra,* we examined the constitutional requirement and held that the constitution does not require a defendant to be advised of his parole ineligibility for a plea to be "voluntary." *Jones v. Cupp, supra,* 7 Or App at 417. It may be that, as the state now argues, there is no distinction of constitutional importance between a defendant receiving no information regarding parole ineligibility and a defendant receiving misinformation regarding his parole eligibility date. At the least, that may be true where, as here, the defendant knew the actual granting of parole lay within the sole discretion of the Parole Board and understood that he might serve a maximum sentence of life imprisonment but only thought that there was a "significant chance of receiving parole in 10 years." *See Turner v. Cupp, supra,* 49 Or App at 674.

■ We are not required, however, to decide whether *Jones* is applicable here. Our prior decision that defendant was prejudiced was based upon the assumption that he was ineligible for parole for 25 years when he had reason to believe that he would be at least considered for parole in 10

years. However, although the Parole Board set defendant's release date under the matrix calculations for 25 years, the relevant statutes and administrative rules demonstrate that a determination of the initial parole release date does not render an inmate ineligible for parole before that date. The Parole Board is required periodically to review the inmate's prison term, and reductions in the parole release date are customarily to be considered. *See* ORS 144.120(1), 144.120(2), and 144.780; OAR 255-40-005, 255-40-025(2)(a), 255-40-020, and 255-40-020(4). Therefore, we conclude that the defendant was not demonstrably prejudiced by his misunderstanding of his parole eligibility.

Our former opinion is withdrawn. The judgment of the trial court is affirmed.