Argued and submitted May 20, remanded with instructions December 14, 1981

GAFFEY,
*Appellant,*
*v.*
STATE OF OREGON,
*Respondent.*
(No. C80-08-32714, CA 19700)
637 P2d 634

Diane E. White, Tigard, argued the cause and filed the brief for appellant.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

Buttler, P. J., concurring in part; dissenting in part.

## WARDEN, J.

Petitioner seeks post-conviction relief from her conviction in the district court of reckless driving, a Class B misdemeanor, contending that she was denied her right to counsel and that her guilty plea was not voluntarily and knowingly made. The trial court denied relief and petitioner appeals.

At her arraignment, petitioner, without assistance of counsel, pled guilty to reckless driving and was sentenced to pay a fine of $150. The maximum sentence imposable under the reckless driving statute is six months in jail and a $500 fine.

Petitioner first assigns as error the trial court's denial of post-conviction relief on her claim that she was denied her federal and state constitutional rights to counsel, because she was not informed that she had a right to court-appointed counsel. At the post-conviction trial, a tape recording of the arraignment proceedings was received in evidence. Petitioner offered it to show the court that she was not effectively advised of her right to court-appointed counsel; the state relied on it to show that she was so advised. The trial judge declined to listen to the recording, however, and decided the issue as a matter of law. The following colloquy transpired between counsel and the court:

"[THE COURT]: Now, the right to counsel, that's a matter of the state law, isn't it.

"[COUNSEL FOR PETITIONER]: Well, both state and federal.

"* * * * * *

"THE COURT: Well, I'll conclude as a matter of law that even if Miss Gaffey was not told of her right to appointed counsel that would not constitute a violation of the Federal Constitution.

"What about Oregon law? Is there any Oregon case?

* * *

"[COUNSEL FOR RESPONDENT]: Your Honor, I know of no case that holds for the Petitioner. * * *

"* * * * * *

"[THE COURT]: Does counsel have anything further you wanted to argue, because I'm not inclined to listen to the tape if the tape is going to be — well, assuming the

tape says what you contend it says, I don't think it's a basis for a post-conviction relief. * * * I don't think that if a person is told they have a right to a lawyer but not told they can have a court appointed lawyer that that would justify * * * setting aside a conviction where no jail sentence is imposed.

"* * * * * *

"THE COURT: I am taking the evidence in the light most favorable to the Defendant.

"* * * * * *

" * * * I am going to assume [the tape] contains no advice of the right of an appointed lawyer at all and based on that deny the application for post-conviction relief, * * *."

■ At the outset, we determine that the trial court was correct in ruling that there has been no violation of the federal Constitution. Under the holding in *Argersinger v. Hamlin,* 407 US 25, 38, 92 S Ct 2006, 32 L Ed 2d 530 (1972), a case in which the maximum sentence possible was six months in jail, a defendant is not entitled to court-appointed counsel unless a jail sentence has been actually imposed. Petitioner received a fine but no jail sentence. Under the federal Constitution, therefore, petitioner has no grounds for post-conviction relief.

■■ The law is different, however, under the Oregon Constitution. Section 11 of Oregon's Bill of Rights, Or Const, Art I, § 11, provides: "In *all* criminal prosecutions, the accused shall have the right to * * * be heard by himself and counsel; * * *." (Emphasis added.) The Supreme Court, in *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 109-110, 570 P2d 52 (1977), made it clear that the Oregon Constitution reaches all criminal prosecutions: "* * * Oregon has long provided court-appointed counsel for indigent defendants in criminal prosecutions. *See* ORS 135.050. Traffic crimes are no exception. * * *" Petitioner clearly had a right to counsel, even though a jail sentence was not actually imposed. The post-conviction trial court's conclusion of law that petitioner had no such right was incorrect.

On appeal, the state, in its responding brief, concedes that *Brown* is controlling. It argues, however, that the district court record, consisting of the tape recording, supports a finding that petitioner was *aware* that she had a

right to court-appointed counsel. The judge in the post-conviction hearing denied relief on the basis of an incorrect premise of law and not upon a review of the arraignment record; therefore, we remand the case to the post-conviction court to allow the judge to review the tape recording and decide if petitioner was denied her Oregon constitutional right to counsel.

Petitioner's second assignment of error is that the trial court erred in denying relief on the claim that petitioner's plea of guilty was not voluntarily and knowingly made as required under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and Article I, section 10, of the Oregon Constitution.

Petitioner first contends that at arraignment she should have been advised, but was not, that the maximum penalty for reckless driving was six months in jail and a $500 fine. The trial court was of the opinion that a conviction could not be set aside on the ground that the sentencing judge failed to advise the defendant of the maximum possible jail sentence, unless a jail sentence was actually imposed. Accordingly, he denied post-conviction relief.

■　ORS 135.385 requires the court, at the time of entry of a plea, to inform the defendant "[o]f the maximum possible sentence on the charge * * *." The right to be so informed is constitutional and, therefore, denial is a ground for post-conviction relief. *Dixon v. Gladden,* 250 Or 580, 585, 444 P2d 11 (1968); *Jones v. Cupp,* 7 Or App 415, 417, 490 P2d 1038 (1971). We remand to the post-conviction court to determine whether petitioner was so informed.

■　Petitioner also contends that one of the legal conse-quences of a conviction for reckless driving is the mandatory suspension of her driver's license and that the court erred in not so advising her. In *Jones v. Cupp, supra,* the court considered whether ineligibility for parole for seven years is a legal consequence of which the defendant must be advised. It held that only advice of "basic legal consequences" is required and noted agreement in the case law that collateral matters which are civil in nature, such as loss of passport, deporta-tion,[1] loss of voting privileges and undesirable military

---

[1] Since 1979, trial courts have been required to inform defendants that they may be deported if they are not citizens of the United States. ORS 135.385(2)(d). *But see, State v. Evans,* 290 Or 707, 625 P2d 1300 (1981).

discharge are too remote. In concluding that a defendant need not be advised of parole ineligibility, the court held:

> "We think the proper place to draw the line for which the court is responsible to a defendant on the advice of the basic consequences of his plea is with the information as to the maximum sentence which may be imposed. * * *" 7 Or App at 420.

We hold that mandatory suspension of a driver's license is not a basic legal consequence of which the defendant must be advised in order to make a voluntary and informed guilty plea. *Brown v. Multnomah County Dist. Ct., supra,* 280 Or at 105.

▌ Petitioner's final contention is that her plea of guilty should have been set aside, because she was not advised of her right to jury trial, right to confront witnesses and privilege against self-incrimination. Petitioner, however, did not specifically state these grounds for relief in her petition, as required by ORS 138.580.[2] The post-conviction court, therefore, did not err in refusing to consider these contentions, and we will not consider them on appeal.

Remanded for determination of whether petitioner was advised of her right to counsel and of the maximum possible sentence on the charge.

**BUTTLER, P. J.,** concurring in part; dissenting in part.

I concur in the majority's disposition of the case, except for its holding that a mandatory suspension of a driver's license is not a basic legal consequence of which the defendant must be advised in order to make a voluntary and informed guilty plea.

It seems to me that a defendant contemplating a guilty plea, upon being advised by the court that the maximum penalties which *might* be imposed include one year in jail and a fine of up to $500, might accept the remote risk of a jail

---

[2] ORS 138.580 provides, in relevant part:

" * * * The petition shall set forth specifically the grounds upon which relief is claimed, and shall state clearly the relief desired."

term or the maximum fine, neither of which is a certainty. At the same time, if the defendant is told that his driver's license *will* be suspended, he might not be willing to plead guilty. The *certain* loss of the right to operate an automobile for 90 days (ORS 482.430(2) and (4)), may well be a more significant factor in deciding to plead guilty than is the *possible* jail term or fine. The mandatory suspension is a sanction, even though, in addition to penalizing the defendant, it also protects the public. It is a more direct consequence of a guilty plea than a discretionary jail term or fine.

For those reasons, I would hold that a defendant who enters a guilty plea without being advised of the mandatory license suspension has not made a "voluntary and informed guilty plea."[1] Accordingly, on remand, I would instruct the post-conviction court to determine whether petitioner was so advised.

---

[1] The majority relies on *Jones v. Cupp,* 7 Or App 415, 490 P2d 1038 (1971), for the proposition that only advice of "basic legal consequences" is required, and that "collateral matters which are civil in nature, such as loss of passport, deportation, loss of voting privileges, and undesirable discharge are too remote. * * *" 55 Or App at 190-191. Subsequent to that decision, ORS 135.385 was enacted, subsection (2)(d) of which negated at least that portion of the language relating to deportation. The viability of *Jones* is at least questionable.