Argued and submitted May 23, affirmed November 21, 1984

PAMELA CHAPEL,
*Appellant,*

*v.*

STATE OF OREGON,
*Respondent.*

(83-0169C; CA A30101)

691 P2d 514

Gerald C. Doblie, Portland, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner appeals a judgment dismissing her petition for post-conviction relief. She challenged her conviction, entered May 22, 1979, following a plea of guilty, for the charge of driving under the influence of intoxicants. She contends that, because she was not advised of certain consequences of a conviction for that offense, she did not knowingly and intelligently waive her right to counsel. In particular, she contends that she was not advised before her plea that upon a subsequent conviction for driving under the influence of intoxicants her driver's license would be suspended for three years. ORS 482.430(4)(b). A first conviction for that offense results in a driver's license suspension for one year. ORS 482.430(4)(a).

In order to obtain post-conviction relief, a petitioner must establish a substantial violation of a right guaranteed by the federal or state constitutions. ORS 138.530; *Lyons v. Pearce,* 66 Or App 777, 676 P2d 905, *rev allowed* 297 Or 339 (1984). In order to determine if failure to advise petitioner as she claims entitles her to relief, we must determine if the particular advice she identifies is mandated by either constitution. In order to satisfy the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, sections 10 and 11, of the Oregon Constitution, the court must advise an accused of the basic legal consequences of a plea of guilty. *Lyons v. Pearce, supra; Gaffey v. State of Oregon,* 55 Or App 186, 637 P2d 634 (1981); *Jones v. Cupp,* 7 Or App 415, 490 P2d 1038 (1971), *rev den* (1972); *Fletcher v. Cupp,* 1 Or App 467, 463 P2d 365 (1969), *rev den* (1970).

In *Jones v. Cupp, supra,* the petitioner sought post-conviction relief from a plea of guilty to a charge of murder. He contended that failure of the trial court to advise him that upon conviction he would be ineligible for parole for seven years voided the plea of guilty. We rejected that contention. In *Gaffey v. State of Oregon, supra,* we held that the mandatory suspension of the defendant's driver's license on conviction for reckless driving was not a "basic legal consequence" that must be disclosed in order to satisfy state or federal constitutional mandates.

We conclude that an enhanced driver's license suspension following a subsequent conviction is not a basic legal

consequence of a plea to a first charge. The longer suspension period is dependent on there being a subsequent conviction within a five-year period. The petition was properly dismissed.

Affirmed.