Argued and submitted April 14, reversed and remanded with instructions to dismiss petition September 3, reconsideration denied November 21, petition for review allowed December 23, 1986 (302 Or 460)

SAMMY R. HARTZOG,
*Respondent.*

*v.*

KEENEY,
*Appellant.*

(151,489; CA A37667)

724 P2d 835

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Eric R. Johansen, Salem, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant appeals from a post-conviction judgment setting aside petitioner's guilty plea to first degree manslaughter. The court held that petitioner's attorney had provided inadequate assistance of counsel, because he had failed to advise petitioner that he could be required to serve a minimum term of imprisonment before becoming eligible for parole. The court also held that petitioner's guilty plea was not a knowing and voluntary waiver of his rights, because the trial court did not advise him of the possibility of a minimum term. We reverse and remand with instructions to dismiss the petition for post-conviction relief.

> "In order to obtain post-conviction relief, a petitioner must establish a substantial violation of a right guaranteed by the federal or state constitutions. * * * In order to satisfy the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, sections 10 and 11, of the Oregon Constitution, the court must advise an accused of the basic legal consequences of a plea of guilty." *Chapel v. State of Oregon,* 71 Or App 49, 51, 691 P2d 514 (1984).

In *Jones v. Cupp,* 7 Or App 415, 490 P2d 1038 (1971), *rev den* (1972), the defendant had not been advised by either his attorney or the court that he would not be eligible for parole until he served a minimum sentence of seven years. We held that pleading guilty without being informed about parole ineligibility raised no constitutional issues. We stated:

> "We think the proper place to draw the line for which the court is responsible to a defendant on the advice of the basic consequences of his plea is with the information as to the maximum sentence which may be imposed." 7 Or App at 420.

*Jones* is indistinguishable, and we decline petitioner's invitation to overrule it.[1]

Petitioner's right to counsel under either Article I,

---

[1] Petitioner incorrectly asserts that *Jones* is contrary to federal law. In *Hill v. Lockhart,* 474 US ____, ____, 106 S Ct 366, 88 L Ed 2d 203, 208 (1985), the Supreme Court stated:

> "We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary, and indeed such a constitutional requirement would be inconsistent with the current rules of procedure governing the entry of guilty pleas in the federal courts. See Fed Rule Crim Proc 11(c) * * *."

section 11, of the Oregon Constitution or the Sixth Amendment to the United States Constitution was not violated either. To date, the Oregon Supreme Court has interpreted those provisions identically, *see Lyons v. Pearce,* 298 Or 554, 566, 694 P2d 969 (1985), and we continue to do so in this case, because the approaches taken by the United States Supreme Court and the Oregon Supreme Court are consistent and the parties have not suggested an independent interpretation of the Oregon Constitution. *See State v. Smith,* 70 Or App 675, 680, 691 P2d 484 (1984), *rev allowed* 298 Or 704 (1985).

The United States Supreme Court recently articulated a two-part test for evaluating ineffective assistance of counsel claims arising out of the plea process. The defendant must demonstrate, first, that the attorney's representation fell below an objective standard of reasonableness and, second, that the defendant was prejudiced by the attorney's error. *Hill v. Lockhart, supra* n 1, 474 US at ___ (88 L Ed 2d at 209-210).[2]

The post-conviction trial court found that petitioner's trial attorney did not explain to him "the possibility of his receiving a mandatory minimum sentence before his change of plea." We need not decide whether that omission caused the attorney's representation to fall below an objective standard of reasonableness, because, as a matter of fact and law, petitioner was not prejudiced. He knew of the possibility of a mandatory minimum sentence. He was present at the sentencing when the state recommended that he "be sentenced to 20 years in the custody of the Oregon State Corrections Division with a mandatory minimum of 10 years," consistent with the recommendation in the presentence

---

[2] This is consistent with the approach taken by the Oregon Supreme Court in *Krummacher v. Gierloff,* 290 Or 867, 875, 627 P2d 458 (1981). There the court stated that

"if counsel exercises reasonable professional skill and judgment, a reviewing court will not second-guess the lawyer in the name of the constitution * * *."

Petitioner is incorrect in his assertion that a showing of prejudice is not required in Oregon. The court stated in *Krummacher* that "only those acts or omissions by counsel which have a tendency to affect the result of the prosecution can be regarded as of constitutional magnitude." 290 Or at 883. Petitioner was represented by counsel. He was only deprived of his constitutional right to counsel if that representation was inadequate. Therefore, some prejudice must be shown to have resulted from the alleged inadequate representation. *Stelts v. State of Oregon,* 299 Or 252, 701 P2d 1047 (1985), cited by petitioner, is inapposite.

report, of which he was also aware. Before pronouncing sentence, the court asked defendant if there was anything he wanted to say; he declined to make a statement and made no effort to withdraw his plea.

Reversed and remanded with instructions to dismiss the petition.