Argued March 17, affirmed May 7, petition for rehearing
denied June 9, 1970. Petition for review denied by
Supreme Court July 8, 1970

PROFFITT, *Appellant, v.* CUPP, *Respondent.*

468 P2d 912

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Jacob B. Tanzer, Solicitor General, and Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Fort and Branchfield, Judges.

BRANCHFIELD, J.

Petitioner sought post-conviction relief in the circuit court of Marion County. The hearing thereon was held and relief denied. From the judgment entered petitioner appeals.

■ The petitioner entered a plea of guilty to rape and was sentenced to 20 years in prison. The burden of petitioner's plea of denial of his constitutional rights is that (1) at the time he pleaded guilty to the rape charge he was not advised of, nor did he know, that he could receive a life sentence, and (2) the record of the guilty plea proceeding did not affirmatively show that he had been advised that he was entitled to court-appointed counsel at county expense. There is no merit to either of these contentions. In the course of the post-conviction proceedings petitioner admitted that he knew prior to the entry of his plea that he could receive up to 20 years' imprisonment. As this was the sentence imposed, defendant was not prejudiced. *Semmes v. Williard,* 247 Or 583, 431 P2d 844 (1967).

■■ During the course of the post-conviction proceedings there was testimony from a sheriff that prior to the entry of the guilty plea he, the sheriff, had ad-

vised the petitioner that if he did not have the funds to pay for an attorney, the court would appoint counsel at county expense. Findings of fact based on sufficient evidence will not be retried on appeal. *Endsley v. Cupp*, 1 Or App 169, 459 P2d 448 (1969).

Petitioner argues that both *Semmes v. Williard*, supra, and *Endsley v. Cupp*, supra, are in conflict with *Boykin v. Alabama*, 395 US 238, 89 SCt 1709, 23 L Ed 2d 274 (1969). Assuming for the sake of argument that he is correct, he is not helped thereby. He was convicted in 1955. We have held that *Boykin* is not entitled to retroactive application. *Endsley v. Cupp*, supra, at 343.

Affirmed.