Argued October 29, affirmed December 27, 1971, petition for
rehearing denied January 26, petition for review
denied March 31, 1972

JACK B. YOUNG, *Appellant, v.* CUPP,
(No. 66670), *Respondent.*
491 P2d 1201

*J. Marvin Kuhn,* Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jim G. Russell, Assistant Attorney General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

■■ This post-conviction proceeding challenges petitioner's conviction following a guilty plea on the grounds that neither his court-appointed counsel nor the circuit court judge who accepted his guilty plea ever informed him of his constitutional right to trial by jury or that he was waiving this right by entering a plea of guilty.

Petitioner was arraigned on an indictment for first degree murder on January 19, 1968. Counsel was appointed at that time and petitioner entered a plea of not guilty. The petitioner subsequently met with his attorney on about three other occasions. On February 9, 1968, he appeared with counsel before the circuit court and asked to withdraw his plea of not guilty to the charge of first degree murder and to enter a plea of guilty to second degree murder. After questioning the petitioner[①] the court accepted his plea.

The court proceeded to pronounce sentence. When he was given an opportunity to speak in his behalf, petitioner made no comment and expressed no surprise that there would be no jury trial.

---

[①] The court told the defendant that the charge of first degree murder includes the lesser included crimes of second degree murder and manslaughter and that the maximum sentence for second degree murder was 25 years.

The transcript of these proceedings does not show that the petitioner was ever told by the circuit court judge that one of the consequences of his guilty plea was waiver of his right to trial by jury.

As to whether petitioner was told this fact by his appointed counsel, the testimony at the postconviction hearing was as follows:

"Q But did * * * [defense counsel], during these conversations, tell you that, when you pleaded guilty to 2nd degree murder, that you would be sentenced, and would not receive a jury trial?

"A I don't remember. No, I don't think he did."[2]

The burden is upon the petitioner to prove the allegations of his petition by a preponderance of the evidence. ORS 138.620(2). This the petitioner has failed to do.

The judgment is affirmed.

---

[2] Since the events in this case occurred before Boykin v. Alabama, 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969), it is not necessary to decide whether this showing meets the requirements set out in that decision. This court has declared that *Boykin* shall not be given retroactive application. Proffitt v. Cupp, 2 Or App 527, 468 P2d 912, Sup Ct *review denied* (1970); Endsley v. Cupp, 1 Or App 169, 459 P2d 448 (1969), Sup Ct *review denied* (1970).