415 F.Supp. 87 (1976)
Ernest TURLEY, Petitioner,
v.
Donald WYRICK, Warden, etc., Respondent.
No. 76-130C(2).
United States District Court, E. D. Missouri, E. D.
April 5, 1976.
Eugene H. Buder, St. Louis, Mo., for petitioner.
John C. Danforth, Atty. Gen., Jefferson City, for respondent.

MEMORANDUM AND ORDER
REGAN, District Judge.
This habeas corpus proceeding presents the narrow issue of whether the double jeopardy prohibition of the Fifth Amendment precludes a state prosecution of a defendant who has previously been acquitted of the same robbery in a federal court.
Upon trial to a jury in this Court, petitioner was found not guilty of the armed robbery of the Laddonia State Bank, the deposits of which were insured by the F.D. I.C., in violation of Section 2113(a) and (d). Shortly after the acquittal, the prosecuting attorney of Audrain County, Missouri, issued an information charging petitioner with robbery in the first degree by means of a dangerous and deadly weapon, in violation of Missouri statutes. At the trial, the same witnesses who had identified petitioner as the bank robber in the federal prosecution again identified him. Petitioner was found guilty of robbery in the first degree and sentenced to twenty years imprisonment. The Missouri Court of Appeals, St. Louis District, affirmed the conviction. State v. Turley, 518 S.W.2d 207 (Mo.App. *88 1974), cert. denied Turley v. Missouri, 421 U.S. 966, 95 S.Ct. 1956, 44 L.Ed.2d 454 (1975). Petitioner having exhausted his available state remedies seeks habeas corpus relief in this Court.
In a factual situation comparable to the present, the Supreme Court held that successive federal and state prosecutions based upon the same acts do not violate the Double Jeopardy Clause. Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684. And cf. Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 6 L.Ed.2d 729. A number of decisions of the Court of Appeals, including the Eighth Circuit have applied this principle where, as here, there is no identity of sovereigns. See, for example, United States v. Synnes, 438 F.2d 764 (8 Cir. 1971); Martin v. Rose, 481 F.2d 658 (6 Cir. 1973), and United States v. Jackson, 470 F.2d 684 (5 Cir. 1972).
Petitioner urges that Bartkus no longer has validity in light of more recent decisions of the Supreme Court such as Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 and Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1187, 25 L.Ed.2d 469. We do not agree. True, Benton held that the double jeopardy clause of the Fifth Amendment is binding on the states through the Fourteenth Amendment. However, Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 6 L.Ed.2d 729 decided the same day as Bartkus, explicitly held that the Fifth Amendment did not bar federal prosecution of a defendant who had been prosecuted for the same act by a state.
Waller merely held that "successive municipal and state prosecutions were barred where the elements of the offense were identical," municipalities being subdivisions of the state and not independent sovereigns. Here, there is no identity of sovereignties. Each sovereign may punish an offense denounced by its laws, even though the act committed by the defendant is the same act denounced by the laws of the other sovereign. The offense against Missouri for which petitioner was prosecuted and convicted in the state court is not the same offense as the federal offense of which he was acquitted in this Court merely because both prosecutions were based on the same acts.
And obviously the doctrine of collateral estoppel has no application. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 involved successive state prosecutions for the same robbery where only the victim was different. The Supreme Court defined "collateral estoppel" as meaning simply that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future law suit." In Ashe, the second prosecution involved the same parties as the first. Here, the same parties or their privies are not involved.
It follows that petitioner is not entitled to a writ of habeas corpus. Judgment will be entered accordingly.