No 14412

IN THE SUPREME COURT OF THE STATE OF MONTANA
1978

LESLIE LEROY YOTHER,

Petitioner and Appellant,

-vs-

STATE OF MONTANA,

Respondent and Respondent.

Appeal from:  District Court of the Fifth Judicial District,
Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

For Appellant:

James W. Zion argued, Helena, Montana

For Respondent:

Mike Greely, Attorney General, Helena, Montana
Michael McGrath, Assistant Attorney General, argued
Helena, Montana
Patrick Flaherty, Boulder, Montana
Mark Murphy, Special Deputy County Attorney, argued
Boulder, Montana

Submitted:  March 15, 1979

Decided: JUL 3 1979

JUL 3 1979
Filed:

_____
Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Petitioner Yother appeals from the order of the District Court, Fifth Judicial District, Jefferson County, dated March 27, 1978, denying a petition for post-conviction relief. This petition is based upon proceedings in justice court, a hearing in District Court on an application for writ of habeas corpus, and upon the arraignment and sentencing of petitioner in District Court for first degree assault.

In the early morning of March 9, 1973, petitioner, who was on parole or probation at the time, appeared at the Clancy Bar, Clancy, Montana, and allegedly assaulted patrons of that tavern. Petitioner was arrested by a deputy sheriff responding to a call about the disturbance at the Clancy Bar. Later in the day petitioner was charged by complaint of the arresting officer in the justice court for Boulder Township, Jefferson County, Montana, with disturbing the peace on March 9, 1973, at Clancy, Montana, "by tumultuous and offensive conduct; and . . . by loud, unusual noise, cursing or swearing, fighting and threatening to fight."

The petitioner allegedly pled guilty to the charge of disturbing the peace, and was allegedly sentenced to 100 days in jail or a fine of $1,000 by Justice of the Peace Edwin E. Kirtley. These allegations are based upon the notation in Justice of the Peace Kirtley's handwriting on the complaint that petitioner "pled guilty--bail set $1,000 or 100 days in jail case sent to district court--case bound over to district court April 12, 1973." Unfortunately no docket entry was made regarding the disposition of this action. Petitioner began serving the jail sentence. Petitioner was thereafter charged by information on March 16, 1973 with assault in the first and second degrees and with resisting officers. (The

-2-

action in this cause was commenced prior to the effective date of the 1973 Criminal Code.) The first degree assault charges were based upon complaints filed by persons involved in the altercation at the Clancy Bar.

A psychiatric examination was ordered for petitioner on March 22, 1973. Petitioner filed a handwritten letter on March 22, 1973, which the District Court treated as an application for a writ of habeas corpus. The writ was issued and a hearing on the writ was continued until after the examination was completed.

On April 12, 1973, the hearing on the writ was held before the court. Justice of the Peace Kirtley testified petitioner did not plead guilty and no sentence was imposed, rather petitioner was merely held pursuant to a warrant issued by a parole probation officer. Deputy sheriff W. J. Gwaltney (the arresting officer) testified that petitioner was brought before the Justice of the Peace on the complaint of disturbing the peace and not because of any request by the parole/probation officer. Deputy Gwaltney further testified petitioner was arraigned on the charge, pled guilty and was sentenced to 100 days in jail. The deputy also testified petitioner expressed astonishment at the length of the sentence. The parole/ probation officer testified no warrant was issued for petitioner for any possible parole/probation violation.

Upon conclusion of the hearing, the District Court quashed the application for a writ of habeas corpus and denied relief. The court also determined the proceedings in justice court had "apparently never been disposed of" and indicated petitioner could be arraigned on the charges contained in the information.

Petitioner was arraigned at 2:00 p.m. on April 12, 1973 and at that time acknowledged receipt of the information filed against him and that he read it. The court then advised

-3-

petitioner of the maximum penalties for the charges made against him, of petitioner's right to remain silent, and of his right to counsel. Petitioner pled not guilty to the charges. Later that afternoon, after bargaining by the county attorney in which he indicated he would seek sentencing for petitioner under the recidivist statute, the petitioner through his attorney changed his plea to guilty as to first degree assault. The court accepted the plea and dismissed the remaining charges. Petitioner was then sentenced to ten years in the Montana State Prison. The record does not indicate whether the court at the arraignment or sentencing ascertained the petitioner's true name, advised him of his right to bail (though bond was filed) or whether the court inquired as to the voluntariness of the guilty plea and the understanding the petitioner had of the charges as required by statute. Section 46-12-201, -202 MCA (formerly section 95-1606, R.C.M. 1947).

The petition for post-conviction relief was filed in District Court on August 19, 1977, and a hearing was conducted on February 1, 1978. The petitioner offered two grounds for granting the relief he requested--first, that he had been placed twice in jeopardy by his prosecution on the assault charges and second, that his guilty plea had not been completely voluntary and the District Court failed to ascertain the circumstances surrounding the plea as it was required to do. In the hearing, the court granted a motion requesting it to take judicial notice of the records in the prior proceedings. The court had before it as evidence the original complaint filed in the justice court as well as a copy of the Board of Pardons violation report indicating petitioner had pled guilty and been sentenced for disturbing the peace.

Petitioner testified at this hearing that he felt he had pled guilty in justice court and had been sentenced. As

-4-

to the entry of the guilty plea in District Court, petitioner testified he had been unhappy with his representation by counsel and had tried to complain but to no avail. Petitioner further testified he felt his attorney was not representing him and he did not want to be sentenced as a recidivist as the county attorney indicated he would ask the court to do.

The District Court denied the relief requested in the petition specifically finding the petitioner's guilty plea was knowingly and voluntarily given and that no undue influence was exerted or threats made with respect to the guilty plea. The court, however, made no explicit determination with respect to petitioner's double jeopardy claim.

Three issues confront this Court in this matter. First, does the record of proceedings in the District Court indicate the petitioner had pleaded guilty to an offense in justice court and was sentenced for that offense? Second, if the petitioner did plead guilty to a charge in justice court, did the charge arise out of the same transaction as the District Court charges in such a way as to bar the District Court proceedings as being violative of the constitutional protection against double jeopardy? Finally, did the District Court considering the petition for post-conviction relief correctly conclude petitioner had been properly informed of his constitutional rights and the voluntariness of his plea firmly established in light of the record before his guilty plea was accepted?

The scope of our review of a denial of post-conviction relief is whether substantial evidence supports the findings and conclusions of the District Court. In the Matter of Jones (1978), _____ Mont. _____, 578 P.2d 1150, 1152, 35 St.Rep. 469. The burden the petitioner has when requesting such relief is to show by a preponderance of evidence that the facts

-5-

justify the relief.  578 P.2d at 1152; see, Young v. Cupp (1971), 8 Or.App. 41, 491 P.2d 1201.

In the present case, the District Court hearing the petition concluded petitioner had failed to meet this burden and therefore denied the post-conviction relief requested. We disagree and conclude the petitioner had established by a preponderance of the evidence his claim of double jeopardy and his claim that the District Court did not affirmatively ascertain the voluntariness of his guilty plea.

Our review of the record in this matter reveals the only evidence indicating the petitioner had not pled guilty to, and thus been convicted of, disturbing the peace is the testimony of Justice of the Peace Kirtley.  Arrayed against this testimony is the testimony of Deputy Gwaltney who unequivocally stated petitioner, "plead guilty and Judge Kirtley sentenced him to a hundred days;" the testimony of the parole/probation officer that no warrant for petitioner had been issued by his office contrary to the claim of the justice of the peace; and the documents admitted in evidence by the District Court, including a handwritten notation by Judge Kirtley, indicating petitioner had been convicted of and received a sentence for disturbing the peace.  We therefore find the petitioner did present a preponderance of evidence showing he had been convicted of and sentenced for disturbing the peace, and the evidence was not so substantial as to warrant a determination otherwise by the District Court.

Turning to the second issue in this cause we now must decide if such conviction would prevent for double jeopardy reasons a subsequent prosecution for first degree assault.  We note initially petitioner's plea of guilty to the assault charge is not a bar to the claim of double jeopardy.  Menna v. New York (1975), 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195.

-6-

The United States Supreme Court has decided that a sub-
sequent prosecution is barred by a prior conviction if the
subsequent prosecution is based upon the same acts as was the
prior conviction, if the subsequent prosecution is for an
offense of which the offense in the prior conviction is a lesser
included offense, and if the subsequent prosecution is in a
court which is part of the same sovereign as the court involved
in the prior conviction. Waller v. Florida (1970), 397 U.S.
387, 390, 394-395, 90 S.Ct. 1184, 25 L.Ed.2d 435; see also
United States v. Mechanic (8th Cir. 1971), 454 F.2d 849, 855;
Turley v. Wyrick (E.D.Mo. 1976), 415 F.Supp. 87, 88; State v.
Rook (1973), 14 Or.App. 211, 511 P.2d 1245, 1246. Here the
disturbing the peace charge and the first degree assault charge
each were based upon the acts of petitioner while in the
Clancy Bar, Clancy, Montana. We have already concluded petitioner
was convicted of the charge of disturbing the peace based upon
those acts.

According to the statutes under which the prosecutions
occurred, to establish the offense of disturbing the peace it
was necessary to prove petitioner (1) willfully and maliciously
(2) disturbed the peace of a neighborhood or person (3) by
tumultuous or offensive conduct or (4) by threatening to fight
or fighting. Section 94-3560, R.C.M. 1947. To establish first
degree assault, section 94-601, R.C.M. 1947, the prosecution
had to prove petitioner (1) with the intent to commit a felony
upon the person or property of the one assaulted (2) assaults
another (3) with a deadly weapon. Because the offense of
disturbing the peace essentially required no proof beyond that
required for conviction of the first degree assault charge it
was a lesser included offense of the greater offense of assault.
Brown v. Ohio (1977), 432 U.S. 161, 168, 97 S.Ct. 2221, 53 L.Ed.2d

-7-

187; State v. Lagerquist (1968), 152 Mont. 51, 445 P.2d 910, 916.

Article VIII, Section 1 of 1889 Montana Constitution states: "the judicial power of the state shall be vested in . . . a supreme court, district courts, justices of the peace, and such other inferior courts as the legislative assembly may establish in any incorporated city or town." This provision demonstrates the judicial power to try petitioner on the charge in justice court springs from the same organic law that created the District Court in which petitioner was convicted of a felony. The two courts involved in this matter are therefore arms of the same sovereign. Waller v. Florida, 397 U.S. at 393-394.

We conclude this cause falls within the ambit of the Waller decision and the petitioner here was placed twice in jeopardy by the subsequent prosecution for first degree assault. Moreover, the Supreme Court in Brown has held that a prior conviction for an offense requiring no proof beyond that necessary for conviction of a greater offense bars the prosecution for that greater offense. 432 U.S. at 168-169.

Although our determination of the first two issues presented in this appeal is dispositive, we feel obliged to comment on the remaining issue, that of the voluntariness of the guilty plea.

Following its quashing petitioner's writ of habeas corpus, the District Court arraigned petitioner on the information filed against him. The court ascertained petitioner had read the information and then informed the petitioner of the charges filed against him and the potential penalties involved. The court further informed the petitioner of his right to counsel and his right to remain silent. The petitioner indicated he would like to plead and then entered a not guilty plea. During the next few hours petitioner spoke with his attorney and with

the county attorney, the latter apparently informing petitioner that if the case went to trial, increased penalty under the recidivist statute would be sought. After this petitioner returned to court and through his counsel withdrew his earlier plea, personally indicated he was ready to enter a plea of guilty to first degree assault, and then _through counsel_ entered the guilty plea to first degree assault. The remaining charges in the information were dismissed and the court passed sentence. The court made no inquiry as to the circumstances surrounding the change of plea, nor did it inform petitioner of his right to trial by jury and his right to confront witnesses. Petitioner argues the record before the District Court mandated a thorough inquiry as to voluntariness and understanding and failure to do so should result in the granting of the relief he seeks.

The standard by which the validity of a guilty plea is judged is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant as affirmatively disclosed by the record. North Carolina v. Alford (1970), 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162; Brady v. United States (1970), 397 U.S. 742, 747, 90 S.Ct. 1463, 25 L.Ed.2d 747; Boykin v. Alabama (1969), 395 U.S. 238, 243-244, 89 S.Ct. 1709, 23 L.Ed.2d 274; Wilkins v. Erickson (9th Cir. 1974), 505 F.2d 761, 763. While it is clear that courts are not _required_ to articulate specific rights when accepting a guilty plea, _Wilkins_, supra; State v. Griffin (1975), 167 Mont. 11, 535 P.2d 498, 503, an "in depth examination by the court is desirable and mandatory in cases where the record requires it." _Griffin_, 535 P.2d at 503.

The record in this cause discloses the District Court which accepted petitioner's guilty plea made _no_ inquiries other than if petitioner was ready to enter a plea. The record also

-9-

indicates "bargaining" had taken place between petitioner, his counsel and the county attorney. We would conclude upon this record that an in depth examination of the petitioner by the court accepting the plea was desirable and mandatory. For the future assistance of District Courts considering a guilty plea, we recommend reference to State v. Lewis (1978), _____ Mont. _____, 582 P.2d 346, 35 St.Rep. 1089 and the scope of inquiry there employed by the District Court. See also, State v. Huttinger (1979), ____ Mont. _____, ____ P.2d ____, 36 St.Rep. 945, 951-953.

Having concluded the petitioner demonstrated by a preponderance of the evidence in his petition for post-conviction relief that he had been convicted of disturbing the peace and thus was placed twice in jeopardy by the subsequent prosecution for assault, we reverse the denial of the petition. The matter is remanded to the District Court with instructions to allow petitioner to withdraw his guilty plea to the first degree assault charges and thereafter to dismiss that charge. The District Court is further instructed to dismiss petitioner from any custody by the State, or supervision by the Bureau of Probation and Parole, that is directly attributable to the conviction for first degree assault.

Judgment reversed and remanded with instructions.

_____
John C. Sheehy
Justice

We Concur:

_____
Gene B. Daly

_____
John Conway Harrison

_____
Daniel J. Shea
Justices

-10-

Mr. Chief Justice Frank I. Haswell dissenting.

I would grant the petition to the extent of vacating petitioner's guilty plea as involuntary and remand the case to the District Court for further proceedings. I would not dismiss the charge on double jeopardy grounds.

In my view, the record before us does not support the conclusion that petitioner's conviction of disturbing the peace was based on the same occurrence or incident involved in the assault charge. The two charges could well have been based on separate and independent incidents in which case the bar of double jeopardy would not apply. I would leave this factual determination to the District Court on remand.

_____
Chief Justice