No. 80-215

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

————————————

THE STATE OF MONTANA, ex rel.,
DAVID ERROL RASMUSSEN, a/k/a
DAVID ERROL HENSRUD,

                    Relator,

        vs.

THE DISTRICT COURT OF THE EIGHTEENTH
JUDICIAL DISTRICT, GALLATIN COUNTY,
HON. JOSEPH B. GARY, DISTRICT JUDGE,

                    Respondent.

————————————

ORIGINAL PROCEEDING:

    For Relator:

        A. Michael Salvagni, Bozeman, Montana

    For Respondent:

        Donald E. White, County Attorney, Bozeman, Montana

————————————

Submitted on briefs: August 8, 1980

Decided: AUG 2 5 1980

Filed: AUG 2 5 1980

_____
                              Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Relator has filed an application for a writ of supervisory control to review and reverse the District Court's denial of his motion to dismiss Count II of an information charging him with assault, a misdemeanor, in violation of section 45-5-201(1)(a), MCA. Count I of the information charges burglary, a felony, in violation of section 45-6-204(1), MCA.

The two charges in the information indicate that relator entered the apartment of Robin Lessley in Bozeman, Montana, for the purpose of ransacking it, and while in the apartment, he hit Robin Lessley in the face three times with his hand.

Relator contends the District Court has no jurisdiction to try him for a misdemeanor, simple assault. The State contends that the District Court has jurisdiction to try a felony and a misdemeanor together where the two are connected together in their commission. The question in this case, therefore, is whether the District Court has jurisdiction to try relator for simple assault, a misdemeanor.

Jurisdiction of the District and Justice Courts over criminal matters depends on the maximum sentence that can be imposed for committing the crime. Under section 3-5-302(1), MCA, the District Court is given original jurisdiction in all felony criminal cases and "all cases of misdemeanor not otherwise provided for." The Justice Court, on the other hand, is given criminal jurisdiction of all misdemeanors punishable by a fine not exceeding $500 or imprisonment not exceeding six months or both. Section 3-10-303(1), MCA. The maximum sentence for a person convicted of assault is a fine not exceeding $500 or imprisonment not exceeding six months or both. Section 45-5-201(2), MCA.

-2-

Under section 46-11-404(1), MCA, "[a]n . . . information . . . may charge two or more different offenses connected together in their commission." This section is not a grant of jurisdiction but simply a permissive joinder statute for offenses within the jurisdiction of a given court. It is provided that jurisdiction for misdemeanor assault lies with the Justice Court.

We, therefore, reverse the District Court's denial of dismissal of Count II and remand to the District Court for further proceedings on Count I.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-3-