No. 80-25

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

MERRILL CAMPBELL,

Defendant and Appellant.

---

Appeal from:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, The Honorable
Joesph Gary, Judge presiding.

Counsel of Record:

For Appellant:

Christopher G. Miller, Butte, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Donald White, County Attorney, Bozeman, Montana

---

Submitted on Briefs:  September 17, 1980

Decided:  JAN - 7 1981

Filed:  JAN - 7 1981

_Thomas J. Kearney_
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

On July 26, 1979, an information was filed in the Eighteenth Judicial District of the State of Montana, County of Gallatin, charging defendant, Merrill Campbell, with theft, a felony, in violation of sections 45-6-301 and 53-2-107, MCA, and endangering the welfare of children, a misdemeanor, in violation of section 45-5-622, MCA.

After several continuances, defendant filed motions to dismiss the information for not stating a public offense and for lack of jurisdiction over the misdemeanor. Defendant also requested an election between the two charges of felony. The motions were denied. Subsequently, on August 6, 1979, defendant entered pleas of not guilty to Counts I and II of the information.

On September 7, 1979, after substitution of counsel, defendant made a motion to reconsider the previously presented consolidated motions. The District Court denied the motion on September 20, 1979.

On October 11, 1979, this Court denied without prejudice defendant's request for writ of supervisory control to dismiss the misdemeanor count for lack of jurisdiction in the District Court.

Once again, defendant's motion for severance of the two counts was made and denied. This was followed by a motion in limine which, among other things, requested a ruling on the admissibility of prior applications of welfare assistance made by defendant in the State of Wyoming and an order directing the State to refrain from calling Lilly Campbell, one of defendant's wives, as a witness at trial.

On November 7, 1979, the District Court denied the motion in limine but ordered that the testimony of Lilly

-2-

Campbell be limited to the misdemeanor charge, endangering the welfare of children, and not include testimony on the felony charge of theft. Trial began on November 20, 1979, and concluded November 21, 1979. Defendant was found guilty by the jury on Counts I and II of the information.

On December 10, 1979, defendant was sentenced to ten years in the Montana State Prison on Count I, the felony, and to six months on Count II, the misdemeanor. The sentences were to run concurrently. Defendant filed a notice of appeal on December 10, 1979.

In mid-May of 1979, defendant, along with his two wives, Lilly and Cheryl, and his five children, arrived in the Bozeman, Montana, area after a long period of itinerant traveling. Defendant and his family, traveling in their converted 1968 Cadillac camper, stopped at the KOA campground at Four Corners, Gallatin County, Montana.

Neither defendant nor his wives were employed. In an attempt to obtain food and money, defendant devised a plan. Defendant would go to Butte to try to sell the Cadillac camper, and Lilly would go to the welfare office in Bozeman, give false information and obtain welfare money.

Defendant took his wives and children to the Thrifty Scot Motel in Bozeman. After paying for two nights of lodging and moving the family and belongings into a room, defendant went to Butte, leaving the family with approximately six dollars, no housing provisions beyond the two nights' lodging, little or no food, and no transportation. Two of the younger children were running high temperatures and had serious ear infections. Defendant knew of their illnesses but did not consider them serious enough to warrant medical attention.

The next day Lilly Campbell went to the Bozeman welfare office and made an application for emergency benefits under the name of Janet Brown. She was given $227 worth of food stamps and was aided in getting an apartment in Bozeman, to which she moved the family.

On May 23, 1979, defendant returned to the family's apartment in Bozeman. He spent only a few minutes there and returned to Butte. One week later, on May 30, 1979, defendant returned to the Bozeman apartment. At this time, defendant's wife Cheryl had gone to the unemployment office to apply for work. While there she was arrested and charged with forgery. Meanwhile, the Gallatin County authorities had determined that Lilly Campbell had given false information to the welfare office and arrived at the apartment to arrest her. She was subsequently charged with welfare fraud and forgery. A search of the apartment revealed defendant hiding in the closet, and he too was arrested. The five children were placed in foster care.

After lengthy investigation, defendant's part in the welfare fraud came to the attention of the Bozeman authorities and charges were filed. Defendant was charged with theft, a felony (sections 45-6-301 and 53-2-107, MCA), and endangering the welfare of children a misdemeanor (section 45-5-622, MCA). After a trial by jury, defendant was found guilty as charged and sentenced to confinement in the Montana State Prison.

The two charges in the information indicate that on May 23, 1979, defendant solicited Lilly Campbell to knowingly obtain, by making false statements, welfare assistance in the amount of $227 from the Gallatin County Department of Social and Rehabilitation Services. Also, on May 23, 1979,

-4-

defendant left his children and their mothers in Bozeman, Montana, without proper food, shelter or medical care.

Defendant contends the District Court has no jurisdiction to try him for a misdemeanor, endangering the welfare of children. The State contends that the District Court has jurisdiction to try a felony and a misdemeanor together where the two are connected together in their commission, pursuant to section 46-11-404(1), MCA, which provides: "An . . . information . . . may charge two or more different offenses connected together in their commission . . ."

The first of three issues raised on appeal, therefore, is whether the District Court had jurisdiction to try defendant for the misdemeanor offense of endangering the welfare of children.

We recently held in State ex rel. Rasmussen v. District Court (1980), _____ Mont. _____, 615 P.2d 231, 37 St.Rep. 1498, that section 46-11-404(1), MCA, is not a grant of jurisdiction but simply a permissive joinder statute for offenses within the jurisdiction of a given court. Rasmussen stated that section 45-1-201(1), MCA, provides that a court's jurisdiction over criminal matters depends upon the maximum sentence which may be imposed for committing the crime. Under section 3-5-302(1), MCA, the District Court is given original jurisdiction in all felony criminal cases and "cases of misdemeanor not otherwise provided for." The Justice Court, on the other hand, is given criminal jurisdiction of all misdemeanors punishable by a fine not exceeding $500 or imprisonment not exceeding six months or both.

The maximum sentence which may be imposed upon a person convicted of first offense endangering the welfare of chil-

dren is a fine not exceeding $500 or imprisonment not exceeding six months, or both. Section 45-5-622(3), MCA. Jurisdiction in this matter, therefore, lies with the Justice Court.

The second issue is whether the jury was properly instructed on the issues peculiar to the charge of soliciting or aiding and abetting in the commission of a crime. After reviewing the instructions given, we find that the jury was properly instructed and that appellant's contentions are without merit.

The final issue raised by appellant is whether he was entitled to a jury instruction that no inference be drawn from the county attorney's reference to the husband/wife privilege. During the State's cross-examination of defendant, the county attorney asked him if he was aware of the husband/wife privilege in Montana. Defendant's attorney objected to the question, and the objection was sustained by the court. Cross-examination of defendant then continued.

The record here contains no evidence that defendant requested the court to give an instruction that no inference be drawn from the county attorney's reference to the husband/wife privilege. In fact, this issue is raised for the first time on appeal.

It is a well-settled rule that on appeal this Court will consider for review only those questions raised in the trial court. Spencer v. Robertson (1968), 151 Mont. 507, 445 P.2d 48; Clark v. Worrall (1965), 146 Mont. 374, 406 P.2d 822; State Highway Comm'n v. Milanovich (1963), 142 Mont. 410, 384 P.2d 752. Therefore, we decline to address defendant's final issue.

Accordingly, the felony conviction is affirmed, and the misdemeanor conviction is reversed and dismissed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

Mr. Justice Daniel J. Shea concurs and will file a specially concurring opinion later.