No. 80-419

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

STATE OF MONTANA,

Plaintiff and Appellant,

vs.

JAMES ALBERT HOUSER,

Defendant and Respondent.

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin.
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Mike Greely, Attorney General, Helena, Montana
Donald White, County Attorney, Bozeman, Montana

For Respondent:

McKinley T. Anderson, Bozeman, Montana

Submitted on briefs: March 3, 1981

Decided: APR 8 - 1981

Filed: APR 8 - 1981

Thomas J. Kearney
_____
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court of the Eighteenth Judicial District, Gallatin County, granting defendant's motion to dismiss.

On August 26, 1980, the deputy Gallatin County attorney filed an information charging defendant with the offense of criminal mischief in violation of section 45-6-101(1)(a), MCA. The facts alleged were that on or about August 21, 1980, defendant purposely or knowingly injured and damaged a 1980 Mercury automobile belonging to John Unwin by using the vehicle he was driving, a 1979 Chevrolet, to strike and force Unwin's car into a parked AMC Hornet, causing damage to the vehicles in excess of $150.

Based upon the above facts, on August 22, 1980, three traffic citations were issued defendant charging him with failing to report an accident in violation of section 61-7-108, MCA; failing to stop at an accident in violation of section 61-7-106, MCA; and reckless driving in violation of section 61-8-301, MCA. On August 26, 1980, defendant appeared in Bozeman City Court and pleaded guilty to the first two charges and not guilty to the charge of reckless driving. Defendant was fined $50 for each guilty plea entered and, subsequently, was tried and convicted of reckless driving.

On September 5, 1980, defendant filed a motion to dismiss the criminal mischief charge on the grounds that (1) the information does not state a public offense; (2) the District Court does not have jurisdiction of the matter; and (3) that the State of Montana is barred from any further prosecution by reason of section 46-11-504, MCA. Without

stating a reason, the District Court granted defendant's motion. The State appeals.

The first two grounds upon which defendant based his motion are without merit. Therefore, the question on appeal is limited to whether the State of Montana is barred from prosecuting the criminal mischief charge by reason of section 46-11-504, MCA.

The State contends section 46-11-504, MCA, deals with conduct constituting an offense within the jurisdiction of two or more courts. State ex rel. Rasmussen v. District Court (1980), ___ Mont. ____, 615 P.2d 231, 37 St.Rep. 1498, held that the District Court does not have jurisdiction over an ordinary misdemeanor connected together in its commission with a felony.

In this case, the felony charge is within the exclusive jurisdiction of the District Court and the misdemeanors are within the exclusive jurisdiction of the Justice Court. Different conduct was alleged in both courts and, thus, there was no violation of section 46-11-504, MCA. If the dismissal of the District Court is allowed to stand, the State would be precluded from ever obtaining the conviction of a defendant for both felonies and misdemeanors connected in commission as part of the same transaction.

Defendant argues that the State is barred from further prosecution of him by reason of section 46-11-504, MCA, which provides:

> "When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state or of two courts of separate, overlapping, or concurrent jurisdiction in this state, a prosecution in any such other jurisdiction is

a bar to a subsequent prosecution in this state under the following circumstances:

"(1) The first prosecution resulted in an acquittal or in a conviction as defined in section 46-11-503 and the subsequent prosecution is based on an offense arising out of the same transaction . . ."

Defendant entered guilty pleas in City Court to failing to report an accident and failing to stop at an accident. The subsequent prosecution of criminal mischief by the State of Montana arises out of the same transaction to which defendant has been found guilty in City Court. Therefore, defendant argues that convictions of these offenses bar the subsequent prosecution of criminal mischief by the State.

Section 46-11-504(1), MCA, provides that the prosecution of a case is a bar to a subsequent prosecution if the first prosecution resulted in a conviction and the subsequent prosecution is based on an offense arising out of the same transaction. Section 46-11-501(a), MCA, provides that the term "same transaction" includes conduct consisting of a series of acts or omissions which are motivated by a purpose to accomplish a criminal objective and which are necessary or incidental to the accomplishment of that objective.

In Yother v. State (1979), ____ Mont. ____, 597 P.2d 79, 82, 36 St.Rep. 1192, 1196, we stated:

"The United States Supreme Court has decided a subsequent prosecution is barred by a prior conviction if the subsequent prosecution is based upon the same acts as was the prior conviction, if the subsequent prosecution is for an offense of which the offense in the prior conviction is a lesser included offense, and if the subsequent prosecution is in a court which is part of the same sovereign as the court involved in the prior conviction. . ." (Emphasis supplied.)

-4-

See Waller v. Florida (1970), 397 U.S. 387, 390, 394-395, 90 S.Ct. 1184, 25 L.Ed.2d 435; see also United States v. Mechanic (8th Cir. 1971), 454 F.2d 849, 855; Turley v. Wyrick (E.D. Mo. 1976), 415 F.Supp. 87, 88; State v. Rook (1973), 14 Or.App. 211, 511 P.2d 1245, 1246.

According to the statutes, to establish the offense of criminal mischief it is necessary to prove that a defendant (1) purposely or knowingly (2) injured, damaged or destroyed (3) property of another (4) without consent. Section 45-6-101, MCA.

There may be some question as to the first two offenses charged. The charge of failing to report an accident requires proof that the driver of a vehicle involved in an accident failed to immediately give notice of such accident to the local police department. Section 61-7-108, MCA. This offense is not part of the original transgression which antecedes it, but a second willful act.

To establish failing to stop at an accident, the State must prove the driver of a vehicle involved in an accident failed to immediately stop and locate or notify the owner or operator of such vehicle of the name and address of the driver and owner of the vehicle causing the accident. Section 61-7-106, MCA. This charge has the same problems as a charge of failing to report an accident.

However, to establish the crime of reckless driving the State must prove defendant operated a vehicle in a willful or wanton disregard for the safety of persons or property. Section 61-8-301, MCA. In this charge the acts that are concerned with the reckless driving are also those necessary to establish the felony crime of criminal

-5-

mischief. A close scrutiny of the evidence in each case will establish that the "same transaction test" has been met. The subsequent prosecution of the criminal mischief charge is barred by section 46-11-504(1), MCA.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices