No. 80-401

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE OF MONTANA,

     Plaintiff and Respondent,

 vs.

HAZEL LEE DAY,

     Defendant and Appellant.

---

Appeal from: District Court of the Fourth Judicial District,
      In and for the County of Missoula
      Honorable Jack L. Green, Judge presiding.

Counsel of Record:

 For Appellant:

  Hirst, Dostal & Withrow, Missoula, Montana
  John Dostal argued, Missoula, Montana

 For Respondent:

  Hon. Mike Greely, Attorney General, Helena, Montana
  Mary Troland argued, Assistant Attorney General, Helena,
   Montana
  Robert L. Deschamps III, County Attorney, Missoula,
   Montana
  Ed McLean argued, Deputy County Attorney, Missoula,
   Montana

---

       Submitted: September 14, 1981

        Decided: October 22, 1981

Filed: OCT 22 1981

*Thomas J. Kearney*

—————————————————
       Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

This is an appeal by the defendant, Hazel Lee Day, from an order of the District Court, for the Fourth Judicial District, denying defendant's motion to withdraw her plea of guilty. We affirm.

On December 17, 1979, defendant was charged in Missoula County with having committed aggravated assault by shooting her former husband in the chest, shoulder and face with a Colt .32 caliber weapon. Counsel was appointed to represent the defendant and on January 10, 1980, after consulting with counsel, the defendant entered a plea of guilty to the offense charged. Defendant was sentenced to a term of two years in prison with the recommendation that she be transferred to the Life Skills Training Center in Billings; she is currently on parole.

In May 1980, defendant moved to withdraw her plea based upon the allegation that, at the time of entering her guilty plea, the defendant was ignorant of the potential defense of justifiable use of force. The trial court admittedly did not advise defendant with respect to the defense. The attorney who represented the defendant at the time of the entry of plea, filed an affidavit stating that he had discussed the defense with defendant and that she understood that the defense was available to her but chose to plead guilty.

Hazel Day is a 64-year-old woman, born in West Virginia, to a coal mining family. She was the oldest of seven children and quit school in third grade to help care for the rest of her family. When she was fourteen, her mother died of tuberculosis and at fifteen her father died in a coal mining accident. At sixteen, the defendant married, adopted four

of her brothers and sisters, and ultimately reared five of her own children.

In 1959, defendant divorced her first husband and remarried. Her second husband died in 1966, when struck by a car allegedly driven by the defendant. Defendant pleaded guilty to manslaughter and was sentenced to six years in the Maryland State Prison. Her criminal record from 1954 to 1970, also contains four separate misdemeanor events of minor thefts and disorderly conduct.

In March of 1976, defendant married Athol "Ted" Day; they were separated a month later and divorced in March 1979. During the three years of marriage, they cohabitated for about three months. Ted had problems with alcohol abuse. Defendant described him as seldom sober and when drunk, a veritable wild man. He was physically abusive to defendant. In 1977, Ted Day struck the defendant in the back with a telephone with sufficient force to cause nerve damage in her right hand necessitating surgery. In the same year he attempted to pull defendant's tongue from her mouth requiring surgery. On another occasion he threw a knife at the defendant.

After the divorce Ted Day continued to contact the defendant, harassing her and threatening her. On Monday, November 27, 1979, defendant came home from work at about 4:00 p.m. and found her former husband at her trailer home. He persuaded defendant to drive him to Lolo, Montana, for the purpose of transacting some business. On the return trip from Lolo, he purchased some beer and, after pushing defendant from the driver's seat, motored to the Rattlesnake area north of Missoula, Montana. They remained there until approximately 11:30 p.m. Ted drank all of the beer and then drove to a Missoula motel where he obtained a room. He was

drunk and the defendant testified that she asked to go home. Ted pushed her up the stairs to the motel room. She was frightened. In the motel room he became very abusive and told her to remove her clothes. According to the defendant's version, Ted tore off most of her clothes. When he saw defendant was not drinking with him, he began throwing food and beer cans all over the room. Ted then took a pistol from defendant's purse and, according to defendant, requested her to shoot him. He then laid the pistol down on the night table and began throwing defendant up against the wall. She stated that after she was hurt she reached for the pistol and pointed it at Ted telling him not to come closer. Defendant stated that he grabbed for her again and she shot him several times. Ted was taken to the hospital and ultimately recovered.

A public defender was appointed to represent the defendant. She testified that she talked to her attorney approximately three times and that he advised her to plead guilty. She stated that she did not remember her attorney talking to her about self-defense, but this was disputed by an affidavit filed by her attorney. The attorney stated he advised the defendant more than once of her right to self-defense and that she understood that the defense was available to her. The attorney stated that she wished to enter a guilty plea.

The defendant entered a guilty plea on January 10, 1980, before Judge Jack L. Green. On that day, Judge Green advised defendant of the charge and the statutorily mandated punishment. He advised her of her constitutional rights, including right to trial by jury. After the information was read to her, the court asked defendant if she was prepared to plead. She stated that she was and she then entered her plea of guilty. The trial court then asked defendant to

relate in her own words what had happened just prior to the incident in question and defendant summarized the facts which are set forth in this opinion.

The plea was accepted and defendant was thereafter sentenced on February 25, 1980, before Judge John S. Henson. The sentencing judge had the benefit of a presentence report containing defendant's version of the facts surrounding the shooting incident. After reviewing the presentence report, Judge Henson sentenced defendant to two years in the Montana State Prison with the recommendation that she be transferred to the Life Skills Training Center in Billings, Montana.

The sole issue on appeal is whether the defendant's plea was voluntary. The trial court found it was. We find no abuse of discretion.

A guilty plea must be entered voluntarily and with an understanding of the charge. Defendant must understand the consequences of the plea and the maximum penalty provided by the law for the offense. State v. Doty (1977), 173 Mont. 233, 237, 566 P.2d 1388, 1391. In Yother v. State (1979), ___Mont.___, 597 P.2d 79, 83, 36 St.Rep. 1192, 1197, this Court said:

> "The standard by which the validity of a guilty plea is judged is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant as affirmatively disclosed by the record."

The granting or denial of a motion to withdraw a plea of guilty lies within the sound discretion of the trial judge and will be reversed on appeal only upon a showing of abuse of that discretion. State v. Nelson (1979), ___Mont.___, 603 P.2d 1050, 1053, 36 St.Rep. 2228, 2232. Defendant contends that discretion was abused in that (1) the trial court should have recognized defendant's version of the facts as being inconsistent with the plea of guilty and (2)

-5-

the trial court, under these circumstances, had a duty to advise the defendant regarding self-defense.

We do not find the defendant's version of the facts to be inconsistent with the plea of guilty. The trial court could have found, after listening to the facts recited, that the defendant used excessive force under the circumstances. In other words the jury could find that defendant, having a loaded weapon, could have removed herself from the danger of the motel room. Furthermore, the trial court had evidence before it which tended to cast doubt upon defendant's credibility.

The trial court found, and there is substantial credible evidence to support the finding, that defendant, after consulting with counsel, chose to enter a plea of guilty rather than subject herself to the uncertainty of a trial.

The facts in this record do not make it incumbent upon the trial court to advise the defendant regarding statutory defenses potentially available to the defendant. Defendant was represented by counsel and counsel, according to his affidavit, properly discharged his duty by discussing these defenses with his client. A discussion of defense strategy goes beyond the realm of trial court duty. If trial courts had to discuss potential defenses with an accused, the judge would have to advise the accused regarding potential constitutional challenges, as well as affirmative defenses existing under statutes. These responsibilities properly are vested in defense counsel and not in the trial judge.

We find that there is substantial credible evidence to support the trial court's refusal to set aside defendant's plea of guilty. Defendant's factual recitation was given in mitigation of sentence and did not conflict with her plea of guilty. According to defense counsel's affidavit, defendant

was fully informed regarding the defense of "self-defense", and with a full understanding entered a plea of guilty. The trial court did not abuse its discretion in failing to set aside defendant's plea under these circumstances.

The judgment of the trial court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

I deem myself disqualified
John C. Sheehy

Mr. Justice Daniel J. Shea will file a dissent later.

-7-