Argued and submitted October 24, reversed and remanded December 8, 1980, reconsideration allowed, former opinion withdrawn, judgment of the trial court affirmed (51 Or App 647, 626 P2d 928) April 13, reconsideration denied May 21, petition for review denied June 23, 1981 (291 Or 151)

ROBERT BURCH TURNER,
Appellant,
v.
CUPP,
*Respondent.*

(No. 114,318, CA 17700)

619 P2d 1357

Michael Curtis, Salem, argued the cause and filed the brief for appellant.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a post-conviction relief proceeding in which petitioner alleged that an incorrect representation by his trial attorney concerning the effect of the Oregon State Parole Board's "matrix system" and the effect of a minimum sentence caused him to enter a guilty plea to a charge of murder. The trial court found that the petitioner had, in fact, been misled, but determined that he was not prejudiced and therefore denied post-conviction relief. We reverse.

Petitioner was charged with Murder in the First Degree in Lane County. On the date the case was set for trial, petitioner was optimistic about his success. However, his trial attorney was far less optimistic and suggested that petitioner consider alternatives to trial such as a guilty plea.

The resulting discussion between the petitioner and his attorney centered on the length of sentence the petitioner would be required to serve prior to being eligible for parole if he entered a plea of guilty. Both men recognized that a life sentence would be mandatory if the plea was to murder; petitioner's concern was the opportunity to be placed on parole. He had performed his own calculation under the Parole Board's "matrix system" and had determined that, given the nature of the crime and his prior criminal history, he might not be eligible for parole for 20 years. He desired to be eligible in 10 years. Petitioner's defense counsel assured him that the trial judge could override the matrix system by imposing a minimum sentence of 10 years. The defense counsel was honestly but mistakenly under the impression that this was true.

A plea bargain was struck, and the petitioner entered a plea of guilty to the charge of murder. He was sentenced to life in prison, with a minimum sentence of 10 years. The minimum sentence was later overturned on appeal, and the petitioner was resentenced to life imprisonment. Under the matrix system calculation made by the Parole Board, the petitioner's parole eligibility date was 25 years. Petitioner then brought this post-conviction proceeding.

All of the evidence in this case establishes that the petitioner was motivated to enter his plea of guilty by the representations, which he believed, that he would be eligible for parole in 10 years. He recognized that he might not *receive* parole in 10 years, but he felt that there was a significant chance of it, provided he was eligible and maintained a good record while in the Oregon State Penitentiary. Had petitioner not believed that he was eligible for parole in 10 years, he would not have pled guilty.

The trial court's conclusion that the petitioner was not prejudiced by his reliance upon his trial counsel's misunderstanding of the matrix system was apparently based upon the fact that, as the trial court described it, "it was clear to all persons involved in the criminal proceeding that actual parole was in the sole discretion of the Parole Board."

With all due respect to the trial court, we think this misses the point. The petitioner now finds himself incarcerated for a period of over 20 years without eligibility for parole, when he had every reason to believe that he would at least be considered for parole in 10 years. We think an additional 10 years or more in custody without the opportunity to be paroled is "prejudice" which requires that the petition for post-conviction relief be granted. *See Spradley v. United States,* 421 F 2d 1043 (5th Cir 1970).

Reversed and remanded with instructions to set aside defendant's conviction and remand the cause for entry of a new plea.